HARRIS v. SHEAR.    (No. 5450.)

(Court of Civil Appeals of Texas.   Austin.
April 21, 1915.   Rehearing Denied
May 26, 1915.)

1. FRAUD ☞13—LIABILITY—KNOWLEDGE.
False representations that the corporation, stock in which was sold to plaintiff, owned three lakes, which were worth $25,000 each, and was solvent, and that the defendant had personally inspected the property, were representations that a fact as to which accurate knowledge could be had was known to defendant, which constitute fraud without a showing that defendant knew of the falsity of such representations.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 3–5; Dec. Dig. ☞13.]

2. FRAUD ☞64 — ACTIONS — SUFFICIENCY OF EVIDENCE—DAMAGES.
In an action for deceit in the sale of corporate stock, where the plaintiff's evidence does not show that the stock was of no value, but fails to show what its value was, while defendant's evidence was sufficient to show that it was worth par value, defendant is entitled to a directed verdict.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 65½, 67–71; Dec. Dig. ☞64.]

3. APPEAL AND ERROR ☞1050 — HARMLESS ERROR—ADMISSION OF EVIDENCE—IMMATERIAL EVIDENCE.
The admission of immaterial evidence is not reversible error, where no injury to appellant is shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ☞1050.]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by James Shear against Langdon Harris, to recover damages for fraud and deceit. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

Sleeper, Boynton & Kendall, of Waco, for appellant.   Scott & Ross, of Waco, for appellee.

JENKINS, J.   As we construe the petition in this case, it is an action to recover damages for alleged fraud and deceit in the sale of stock in the Velasco Fish & Oyster Company, a private corporation.

[1] Appellant assigns error upon the refusal of the court to sustain a general demurrer, and argues that the same should have been sustained for the reason that it is not alleged that appellant knew the falsity of the representations made by him at the time of the sale. The petition alleges that appellant represented that the corporation was the owner of three certain lakes, that he had inspected the property of the corporation, and that it was solvent; that the lakes were worth $25,000 each; that the property was located at Velasco, distant some 200 miles from Waco, where the plaintiff resided; that plaintiff had never seen the property of the corporation; that he was well acquainted with the appellant, and had confidence in his representations and relied solely upon said representations, which facts were known to appellant, and that the corporation was insolvent at the time of said sale; that it was not the owner of either of said lakes; and that its total property was of a value not to exceed $1,000 to $1,200, for which it was indebted in the sum of $3,000. When a party makes a positive representation that a fact is known to him, the same being a fact about which accurate knowledge could be ascertained, and being material, if such representation is false, it amounts to a positive and active fraud, for which he is liable in damages. McCord-Collins Co. v. Levy, 21 Tex. Civ. App. 109, 50 S. W. 606; Mitchell v. Zimmerman, 4 Tex. 80, 51 Am. Dec. 717; Watson v. Baker, 71 Tex. 750, 9 S. W. 867; Loper v. Robinson, 54 Tex. 510; Bank v. Bank, 77 S. W. 241; Beatty v. Bulger, 28 Tex. Civ. App. 117, 66 S. W. 896; Wright v. Mortgage Co., 42 S. W.

789; Seale v. Baker, 70 Tex. 290, 7 S. W. 742, 8 Am. St. Rep. 592; Byers v. Maxwell, 101 Mo. App. 179, 73 S. W. 739; Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 363, 364, 49 Am. St. Rep. 651. In the case last referred to it is said: "The gravamen of the action [for deceit] is actual fraud, and nothing less will sustain it." This does not seem to be the doctrine in this state, but in that case it was held that if the representations are made upon assumed personal knowledge, action for deceit will lie. And in 20 Cyc. p. 27, it is said:

"It is not always necessary that the speaker should actually know that his representation is false. If the statement is a matter susceptible of accurate knowledge, and he makes it recklessly without any · knowledge of its truth or falsity, and in the form of a positive assertion, calculated to convey the impression that he knows it to be true, the representation is equally fraudulent. The rule just stated applies although the speaker honestly believes that the fact which he represents as existing actually does exist. * * * The fraud consists in passing off his opinion or belief under the guise of knowledge."

To the same effect is Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566, 6 L. R. A. 149, 18 Am. St. Rep. 485. Upon these authorities we hold that the court did not err in overruling the general demurrer.

Appellee objects to a consideration of all other assignments of error except the seventh, for the reason that they are not in compliance with the rules. These objections are well taken, but we will consider most of the assignments, in view of the fact that the same questions will arise upon another trial of this case.

[2] We sustain appellant's third proposition under his seventh assignment of error, which assignment is that the court erred in refusing to peremptorily instruct a verdict for the defendant; the third proposition being that there is no evidence showing the value of the stock sold to appellee at the time of such sale. This point was also raised by appellant's tenth assignment of error, which is:

"The court erred in submitting to· the jury, over defendant's exception, special issue No. 15, reading as follows: 'Question 15. What was the value of the stock purchased by plaintiff, Shear, at the time of the purchase?' In response to this question the jury answered, 'No value.' "

The testimony of the appellee, without reference to the testimony upon the part of the appellant, does not show the stock was of no value, and does not show what value said stock possessed at the time of the sale. The testimony on the part of the appellant is sufficient to show that the stock at the time of the sale was worth par value.

[3] The testimony objected to under the third assignment of error appears to have been immaterial, but it is not shown that appellant suffered any injury by ·reason of the admission of such testimony. The statement offered to be proven, as shown by the fourth assignment of error, was that of the defend-

ant made to the corporation not under oath, and the court did not err in excluding the same. The testimony offered, as shown by the fifth and sixth assignments of error, should have been admitted.

There is no merit in the eighth and ninth assignments of error. The eleventh and twelfth assignments are substantially the same as the tenth. There was no error in the action of the court as complained of in the thirteenth assignment.

The other assignments are to the effect that the findings of the jury are not sustained by the evidence. It is not necessary for us to pass on these, as we cannot tell what the evidence will be upon another trial of this cause.

For the reasons stated, the judgment of the trial court is reversed, and this cause is remanded for a new trial in accordance with this opinion.

Reversed and remanded.