GRISHAM et al. v. WARD et al. (No. 8251.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 30, 1915.)

1. EXECUTION ☞201—CLAIMS BY THIRD PERSONS—ISSUES AND QUESTIONS DETERMINABLE.

On the trial of a claim by third persons to property levied upon under an execution, there was no valid objection to the enforcement of an agreement by the claimants to pay the judgments by virtue of which the executions were issued by the delivery of the property levied upon at a specified price.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 581, 582; Dec. Dig. ☞201.]

2. COMPROMISE AND SETTLEMENT ☞6—CONSIDERATION—SUFFICIENCY.

Where a judgment debtor's sons were living with him as members of his family, and there was support for the judgment creditor's claim that hay levied upon, claimed by the sons, was the property of the judgment debtor, an agreement by the sons to pay the judgments by the delivery of the hay at a price exceeding its market price was not without consideration, since the mutual promises of the parties to thus settle the legal controversies existing between them constituted a sufficient consideration, as agreements for the compromise and settlement of disputes are favorably regarded, and are supported not only as beneficial in themselves, but as conducive to peace and harmony.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 35–50; Dec. Dig. ☞6.]

3. EXECUTION ☞184—CLAIMS BY THIRD PERSONS—AMENDMENT OF CLAIM.

Where, though a claimant's oath alleging that property levied upon under execution was the property of the claimant and his minor brother did not specifically aver that he was acting for his minor brother as well as for himself, this was evident on the face of the paper, the court did not err in permitting an amendment so as to include a specific allegation that in making the claim he was also acting for his brother.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 549–551; Dec. Dig. ☞184.]

Appeal from Nolan County Court; John H. Cochran, Jr., Judge.

Proceeding on a claim by J. L. Ward and another to property levied upon under executions in favor of R. N. Grisham and others. From a judgment in favor of the claimants, the execution creditors appeal. Reversed and remanded.

R. N. Grisham, and J. S. Grisham, both of Sweetwater, for appellants. Beall & Douthit, of Sweetwater, and E. R. Spencer, for appellees.

CONNER, C. J. On the 7th day of December appellants R. N. Grisham, J. J. Monday, and Mrs. J. F. Eidson caused the levy of several writs of execution in their favor upon 750 bales of hay as the property of the judgment debtor, J. W. Ward, the value of

the property so seized being fixed by the sheriff at $262.50. On December 12th thereafter appellee J. L. Ward, for himself and minor brother, W. H. Ward, presented to the county court a claimant's oath and bond, alleging that the hay levied upon was the joint property of the claimants. Thereafter issues in writing were presented by the respective parties for the trial of the right to the property under the title of our statutes relating to that subject (See Vernon's Sayles' Texas Civil Statutes, title 129), and the case went to trial before the judge without the intervention of a jury, and resulted in a judgment in favor of appellees J. L. Ward and W. H. Ward. From this judgment appellants have duly prosecuted an appeal.

[1, 2] Among other pleadings presented by appellants was a special plea to the effect that, on or about the 14th day of December, 1914, J. L. Ward claimed the hay as his own, but agreed with appellant R. N. Grisham, acting for himself and the other appellants, that he, J. L. Ward, would pay off and discharge the judgments by virtue of which the executions had issued by the delivery to Grisham of hay at the price of 65 cents per bale. It was alleged that Grisham, for himself and other appellants, assented to so receive said hay and discharge the judgment at the price per bale stated, notwithstanding the fact that the market price of the hay was but 35 cents per bale. The prayer of the plea was to the effect that, if upon the trial it should be found that J. L. Ward owned the hay, or any part thereof, the agreement might be enforced. The court sustained exceptions to this plea, and refused to hear proof in its support, to which action of the court appellants have assigned error.

Under the circumstances alleged we see no valid objection to the enforcement of this plea. The mutual promises of the parties to thus settle the legal controversies existing between them would seem to constitute a sufficient consideration for the agreement. See Hilliard v. White, 31 S. W. 553; Little v. Allen, 56 Tex. 133. Indeed, the agreement is not attacked on the ground of a want of consideration, and no other sufficient objection to its enforcement occurs to us, or has been presented. Agreements for the compromise and settlement of disputes are favorably regarded both in courts of law and equity, and are supported, not only as beneficial in themselves, but as conducive to peace and harmony. See 8 Cyc. 535; 5 Ruling Case Law, § 23, bottom page 901; Taylor Co. v. Baines Gro. Co., 31 Tex. Civ. App. 385, 72 S. W. 260. This principle, we think, has proper application under the circumstances shown here. It appears that J. L. Ward and W. H. Ward, the claimants, were sons of J. W. Ward, the defendant in the executions; that the sons lived with the father as constituent members of the family, and appellants' claim that the property levied upon was in fact owned by J. W. Ward, the father, was not without at least circumstantial evidence in its support. We conclude that under the circumstances the court erred in the particulars indicated.

[3] In the original oath made and filed by J. L. Ward, it was not specifically averred that J. L. Ward was acting for the minor, W. H. Ward. The writing, however, declared that the hay levied upon was the property of J. L. Ward and W. H. Ward, and it is evident on the face of the paper that J. L. Ward was acting for his brother. The action of the court, therefore, in later permitting an amendment of the oath so as to include a specific allegation that J. L. Ward in making the claim was acting also for his brother, W. H. Ward, cannot be said to constitute error.

We find nothing in other assignments requiring discussion, but for the error first noted it is ordered that the judgment be reversed, and the cause remanded.