Appeal from District Court, Wichita County; Wm. N. Bonner, Judge.

M. L. Moore was convicted of an offense, and he appeals. Reversed, and case ordered dismissed.

T. F. Hunter and Walter Nelson, both of Wichita Falls, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. Appellant was convicted of swindling on account of the acquisition of $600 in money in the sale of certain personal property on the false representation that it was free from incumbrance.

[1-3] The facts are sufficient to support the verdict, but the indictment is assailed upon several grounds. It was charged that the property sold was mortgaged to secure a debt of $621. Appellant claims that the rule which requires a false pretense to be specifically averred, and where such false pretense is in whole or in part in writing, or based on a written instrument, that the writing or instrument should be set out, would require the mortgage which constituted the alleged incumbrance upon the property to be set out in hæc verba in the indictment; citing Wilson v. State, 193 S. W. 669, and other cases.

The mortgage was not false pretense, but was a part of the evidence that the representations made were untrue. The law requires the truth of the pretense to be negatived. Wharton's Criminal Law, § 1491. The negative allegation should be specific, but the cases relied on by appellant do not support the contention that, in order to allege that the statement that the property was unincumbered was untrue, it would be necessary to set out the mortgage in hæc verba. It should be set out with sufficient particularity to accurately describe it, but not necessarily in full. It is essential that the existence and validity of the mortgage should be directly averred. To accomplish this, the allegation of the existence of the debt was imperative, in order to show that the allegation that the property was unincumbered was false. McElroy v. State, 67 Tex. Cr. R. 603, 150 S. W. 797; Robberson v. State, 3 Tex. App. 505; Satchell v. State, 1 Tex. App. 438; McCaskill v. State, 68 Ark. 490, 60 S. W. 234. The indictment contained no direct allegation that the debt which it was charged was secured by the mortgage was existent and unpaid. An inferential allegation, such as that appellant knew the debt was unpaid, will not suffice. State v. Dyer, 41 Tex. 520; State v. Levi, 41 Tex. 563; Wills v. State, 24 Tex. App. 400, 6 S. W. 316; Vernon's P. C. p. 912; 19 Cyc. p. 427. The failure to make such direct averment was, we think, fatal to the validity of the indictment.

[4, 5] There was a count in the indictment charging fraudulent disposition of mortgaged property, which was not submitted to the jury. Appellant claims there was error in failing to require an election by the state as between the two counts. When, as in this case, the evidence supporting the two counts is identical, an election by the state is not required. Goode v. State, 57 Tex. Cr. R. 220, 123 S. W. 597; Branch's Ann. P. C. p. 233, and cases listed. Moreover, the submission only of the count charging swindling was equivalent to election. Weathersby v. State, 1 Tex. App. 646; Betts v. State, 57 Tex. Cr. R. 391, 124 S. W. 424; Branch's Ann. P. C. p. 232, and cases cited.

[6, 7] In writing another indictment the mortgage should be more fully and accurately described, the existence of the debt should be alleged, the allegation that the money was acquired by appellant should be more specific. Robinson v. State, 60 Tex. Cr. R. 354, 132 S. W. 354; Epperson v. State, 42 Tex. 79. The connection between the false pretense and the acquisition of the money should be more definitely alleged. Johnson v. State, 57 Tex. Cr. R. 347, 123 S. W. 143; Vernon's P. C. art. 1421, note 8, p. 911, and cases cited.

Other points made by appellant have been examined, and they fail to disclose error.

Because the indictment is insufficient, the judgment is reversed, and the case ordered dismissed.

---

**DAVENPORT v. SHEPHERD.    (No. 251.)**

(Court of Civil Appeals of Texas. Beaumont. June 26, 1917. Rehearing Denied Oct. 10, 1917.)

**1. DEEDS ☞211(3)—FRAUD—EVIDENCE.**

In a suit to set aside a deed, evidence *held* insufficient to show fraud upon the part of the widow of a partner of plaintiff, at the time of settlement of a suit with plaintiff, when she was deeded a half interest of the land to which plaintiff claimed defendant's husband had given him a deed, which was lost.

**2. DEEDS ☞211(2)—MUTUAL MISTAKE—EVIDENCE.**

Evidence *held* insufficient to show mutual mistake in the settlement of a suit and execution of a deed.

**3. DEEDS ☞17(1)—COMPROMISE AND SETTLEMENT—CONSIDERATION.**

A mere belief of a right to land is a sufficient consideration for a deed for a half interest given in settlement of a suit involving title to such land.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Suit by W. H. Davenport against Eva Shepherd. Decree for defendant, and plaintiff appeals. Affirmed.

J. F. Lanier, of Beaumont, for appellant. Bowers & Reed, of Beaumont, for appellee.

KING, J. This suit was tried in the district court of Jefferson county, the venue having been changed by agreement from Hardin county, and the matters in controversy were

submitted to the court for decision, without the intervention of a jury.

The material allegations of plaintiff's petition are as follows:

Appellant sued appellee, individually and as survivor in community of T. W. Shepherd, deceased, alleging that Shepherd died on the 15th of November, 1912, and that appellee qualified as survivor in community; that Shepherd executed a deed of conveyance to appellant on the 11th day of February, 1909, for a valuable consideration, conveying certain lands in the town of Sour Lake, Hardin county, and that said deed was duly acknowledged by Shepherd before a notary public of Jefferson county, Tex., February 11, 1909; that the notary did not make and keep any record of said acknowledgment, and that he had no recollection of the contents or the existence of said deed; that some time after the execution of said deed it became lost, without having been placed of record, until May 12, 1914, when appellant found it, and had same recorded in Hardin county; that after the death of Shepherd, and before said original deed was found, appellant informed appellee of the fact that her husband had, during his lifetime, executed said deed to him, and that he had lost the same without having placed it of record, and requested her to make him a deed to the land in her individual capacity, and in her capacity as community survivor, but that she refused to execute the deed, and refused to furnish any evidence of the existence and contents of said deed, and fraudulently disclaimed any knowledge thereof; that on the 8th day of November, 1914, he filed suit in the district court of Hardin county against the appellee, individually and as survivor in community of the estate of said Shepherd, seeking to recover the title and possession of the land in controversy, and to establish the existence and contents of said deed, and to substitute the same; that the value of the land was $2,500; that after said suit was filed appellee employed an attorney to contest said suit, filed an answer denying plaintiff's allegations, and objected to plaintiff testifying in said cause, which he was disqualified from doing, and to aid her in concealing the truth and facts concerning said transaction, and refused to aid the plaintiff in any way at any time by testifying in his behalf, but declined to do so, concealing her knowledge, if she ever had any, about the execution and delivery of said deed, but of which she was bound to know under the law, it being a conveyance of community property by her husband to appellant; but she fraudulently denied, in her answer in said suit, all and singular the allegations of plaintiff, and intended to contest the suit to the end, not only by refusing, as she had always theretofore done, to divulge the truth and facts concerning said deed, but objecting, as she always had, to the plaintiff testifying about it himself, as a witness, well knowing that the plaintiff had no witness to the execution and delivery of said deed, and that he was disqualified, under the law, from testifying to the execution and delivery of same; that plaintiff being in such predicament, and the result of the suit being an established loss to him, if tried, did make an agreement, without any consideration, good or valuable, paid by defendant, to convey to her an undivided one-half interest in said property, and she, in the same instrument, to convey to him the other undivided one-half of said land, which was done by joint deed, dated and executed February 21, 1914; that the notary before whom the acknowledgment was taken had no knowledge or recollection of the contents or existence of said deed; that he did not even read the same, and that he did not keep any record of the acknowledgment, or, if he did keep a record, the same had been lost; that, under the statute, appellant could not testify as to the transaction or any conversation relating to same, which occurred between him and said T. W. Shepherd; that said Eva Shepherd, concealing the truth, and intending to defraud the plaintiff out of his land, and knowing that he was disqualified as a witness from testifying as to the execution and contents of the deed of conveyance from said T. W. Shepherd to him, by reason of the common and statutory laws of Texas, and that he had no other witness or evidence thereof, pretended to know nothing about the execution and delivery of said deed of conveyance, and refused to execute a deed in lieu thereof to the plaintiff, and withheld all knowledge from the plaintiff as to the execution and delivery of said deed, and refused in every way to furnish any evidence of the existence and contents of said deed, and fraudulently disclaimed any knowledge thereof, and refused to aid plaintiff in any way, by her evidence or otherwise, in establishing the existence and contents of said deed, and denied any knowledge of his title to said land, and refused to make plaintiff a substitute deed; that plaintiff, being without anything to prove the existence and contents and delivery of said deed, or acknowledgment thereof, and the result of a suit being an inevitable and certain loss to him, if tried, of all his interests and ownership in said land, which he owned in fee simple, did make an agreement without any consideration, good or valuable, to an undivided one-half interest to the land in controversy, and she, in the same instrument, to convey to him the other undivided one-half of said land; that by reason of his said inability to testify, and the fraudulent acts and conduct of appellee in withholding the information concerning the execution and delivery of the deed, and the loss, as hereinbefore alleged, and the making of the deed between plaintiff and defendant, dated February 21, 1914, the plaintiff has been deprived, unlawfully and inequitably, of his undivided one-half of said land; and that said compromise deed between him and defendant is void, and should be canceled.

Appellant prayed for relief in keeping with the allegations of his petition.

Appellee answered by general demurrer and general denial; and, further, that she was not guilty of fraud in any form, either in law or in morals, and says that, at the time said suit was pending in Hardin county to recover this land from her, she had no knowledge nor any means of knowing that Davenport had a deed, if in fact he did, to any of the land in controversy, as the same was not of record, and that there was no evidence of its execution or validity, save the statement of the appellant, Davenport; that there was no intimation among the papers of her deceased husband that he had ever parted with or sold said land; that, at the time alleged in plaintiff's petition, in which Davenport is alleged to have approached defendant, a boom was on at Sour Lake, and oil wells were being drilled near and in close proximity to the property in controversy, and in view of the fact that the property could then be leased to their mutual advantage, the defendant and plaintiff agreed to compromise and adjust their said difficulties, and entered into the deed set out in plaintiff's petition, which plaintiff seeks to cancel in this suit; that the parties discussed at the time the probability of it taking a year or more to secure a final judgment in that cause, disposing of the issues between the parties, and both parties expressed the fear that by that time the land would have deteriorated materially in value; that the oil would all be drained off, and same could not be leased, appellee alleging that this was a part of the consideration of said compromise and adjustment, as well as the desire of the parties to avoid the vexations, troubles, and expense of a long-drawn-out lawsuit; that she had always acted in good faith and without any fraudulent intent whatever; that the appellant joined her in a lease of the premises to an oil company; that appellant was willing and active in making the trade and securing the agreement, whereby said lease was entered into; that she, in good faith, believed that her deceased husband had not parted with the title to said land during his lifetime, or executed any deed to appellant, and that she, in good faith, thought that said land was a part of the estate of her said deceased husband.

The trial court decided the case in favor of appellee, and filed the following findings of fact and conclusions of law, which we here adopt as the findings of this court on the facts and the law in the case, to wit:

"Findings of Fact.

"I find that the plaintiff, W. H. Davenport, and T. W. Shepherd were partners in the oil business prior to the death of the said T. W. Shepherd, and that on or about the 11th day of February, A. D. 1909, the said T. W. Shepherd conveyed by deed the land in controversy to W. H. Davenport, and that W. H. Davenport some time prior to the filing of a suit in the district court of Hardin county against Mrs. Eva Shepherd et al., No. 2576, lost the above-mentioned deed. I find that said suit was filed on or about the 29th day of December, A. D. 1914; I further find that the said T. W. Shepherd died some time prior to the filing of this suit and that he died intestate and that Mrs. Eva Shepherd, his widow, qualified as survivor in community of his estate prior to the filing of said suit, on the 5th day of February, A. D. 1913; I further find that, subsequent to the filing of said suit, the plaintiff, W. H. Davenport, approached Mrs. Shepherd or her representatives and made claim to the land in controversy, stating to them that he had lost the deed and requesting them to execute a substitute therefor. I further find that the record title to the property at this time was in the Shepherd estate, and that the Shepherds were in possession of no facts or fact indicating that the said T. W. Shepherd had conveyed or parted with the title to the land in controversy during his lifetime. I further find that M. S. Duffie, the notary public before whom the said deed was acknowledged, proved, and executed, had no records pertaining to the same, and no independent recollection of the execution of said instrument. I further find that, after the filing of the suit above described, plaintiffs and defendant acting in conjunction with their attorneys for the purpose of compromising and adjusting the lawsuit, above described and then pending, entered into a compromise and adjustment of their litigation as is evidenced by their deed dated the 21st day of February, A. D. 1914, by which said deed they conveyed one to another an undivided one-half interest in and to the property in controversy, this being the instrument which the plaintiff seeks to cancel in the present suit. I find that at about the time of the filing of the suit in Hardin county, as above described, there was considerable activity in oil lands lying adjacent and contiguous to the property in controversy, a boom being on in that district. I further find that this condition continued and existed up to, and after, the execution of the instrument which plaintiff seeks to set aside. I further find that at the time this instrument was executed that Mrs. Eva Shepherd or her representatives did not know that W. H. Davenport had a deed to the property, that acting in good faith and innocent of any intent to defraud, they were claiming and thought they owned the land. I further find that the moving consideration for the execution of the compromise deed was the mutual desire of the parties to enter into an immediate lease of the properties so that they could begin to derive revenues therefrom, and that they were mutually afraid that if they waited the final disposition of the matter in the court, that wells which were being drilled near to, and in close proximity to, this land would drain off and exhaust whatever oil was there before the case was finally decided in the courts. I further find that the said T. W. Shepherd, during his lifetime, did execute and deliver a valid and binding deed to the property in controversy, conveying the same to the said W. H. Davenport; and I find that the said Davenport, a short time prior to the filing of the suit in Hardin county, had lost and misplaced his deed and could not find the same, and that, at the time the compromise deed as above described was entered into, the said W. H. Davenport had not found said deed, but since has found and placed the same on record. I further find that the parties to this suit, immediately after the deed compromising their dispute was executed, entered into a joint lease of the property in controversy to the Parafine Oil Company, and that the parties hereto received the sum of three hundred ($300.00) dollars by virtue of said lease. I further find that a part of the consideration entering into the compromise in this case was the

desire of, the parties to avoid the expense and delay of a lawsuit in another county.

### "Conclusions of Law.

"First. I conclude, based upon the findings of fact, that there was no fraud on the part of Mrs. Shepherd or her representatives at the time the deed which the plaintiff seeks to set aside was executed.

"Second. That the deed entered into by the parties settling and adjusting the differences, which the plaintiff seeks to set aside, was based upon a good, sufficient, and meritorious consideration, and is in all things binding.

"Third. That plaintiffs have not alleged or shown facts sufficient to entitle them to the relief prayed for.

"Fourth. That there was no such mutual mistake shown as would entitle plaintiff to have the deed in controversy canceled.

"Fifth. I conclude that said deed is a valid, binding obligation on both parties, made without fraud or mistake, and based upon sufficient consideration, and that said instrument places the title to an undivided one-half interest in and to the property in controversy in the defendant."

Appellant's first assignment of error complains of the action of the trial court in rendering judgment that the plaintiff take nothing by his suit, and that defendant, Eva Shepherd, individually, and as survivor in community of her deceased husband, recover; that the undisputed evidence in the case established the fact that the so-called compromise deed made between the plaintiff and the defendant was without consideration, good and valuable in law, and was void, in that the said deed was procured from the plaintiff by taking an unconscientious advantage of him, he being disqualified under the law to testify as to its execution, and that defendant took an unconscientious advantage of his helplessness, thereby practicing a legal fraud on plaintiff, it being shown that plaintiff subsequently found the original lost deed, which he could not prove up by his evidence or any other evidence, prior to the execution of the compromise deed; that the evidence showed defendant had suffered no injury, but fraudulently obtained title to the undivided one-half interest in plaintiff's land, and had obtained $150 in addition thereto, and that she had been put to no expense whatever; that the undisputed evidence showed that the defendant, Mrs. Shepherd, fraudulently concealed the facts within her knowledge chargeable against her as survivor in community, and willfully took advantage of the helpless condition of plaintiff in forcing him to deed her one-half of his property involved in this suit, contrary to every principle of right and equity, to such an extent as to shock the conscience of every fair-thinking judge or person; and that she has taken advantage of the statute of Texas, as well as the common law sealing plaintiff's mouth as a witness in his own behalf; that the evidence in this case shows that the defendant in this case is guilty of actual, as well as constructive, fraud, in law; and that she concealed the facts and used the disqualification of plaintiff to testify in his own behalf, causing him to lose one-half of his interest in the said land.

While this assignment of error presents two or more distinct questions of law, and is not in strict compliance with Rule 29 (142 S. W. xii) of this court, we have decided to consider the same.

[1, 2] With reference to the question of fraud, raised by this assignment, we are of opinion that the learned trial judge was eminently correct in holding that the evidence did not make out a case of fraud upon the part of appellee, nor did it make out a case of mutual mistake. The trial court found, and it is amply supported by the evidence, that the appellee was acting in good faith, and that she believed that the land in controversy had not been conveyed to appellant by her husband; that the record title showed that the land belonged to the estate of her deceased husband, of which she was community survivor, and she was further convinced by the fact that appellant claimed that the deed had been executed several years prior to the death of her said husband, and that the notary public, before whom he claimed the acknowledgment of her husband was taken, had no independent recollection of the transaction, and had no record in his office of any acknowledgment of her said husband to the deed claimed to have been executed by him. She, therefore, did not deceive, conceal, or misrepresent any fact that was within her knowledge to the appellant in an endeavor to make the deed which resulted in the dismissal of appellant's former suit to establish his lost deed, because she knew no facts, but simply was of the opinion that the land in controversy belonged to her. Upon the other hand, appellant knew that said deed had been executed to him by her deceased husband, and was acquainted with all of the facts and circumstances of the same, and when he entered into an agreement which resulted in the settlement of his former suit, he was not mistaken as to any fact, but was fully cognizant of the true situation, and voluntarily entered into the agreement, which resulted in the settlement of said suit, and the conveyance of each to the other of a one-half undivided interest in the land in controversy. Had the suit proceeded to a finality at that time, appellant would have lost the entire tract of land, because there was no evidence upon which he could support his contention. Therefore, realizing that fact, he entered into an agreement, compromising the suit as aforesaid.

[3] A mutual agreement for compromise is, in itself, a valuable consideration. The rule as to compromise agreements is tersely stated in the case of Camoron v. Thurmond, 56 Tex. 33–35, as follows:

"An agreement entered into upon a supposition of right or of a doubtful right, though it often comes out that the right was on the other side, shall be binding, and the right shall not

prevail against the agreement of the parties, for the right must always be on one side or the other, and therefore the compromise of a doubtful right is a sufficient foundation for an agreement.

"It is clear that, when parties enter into a compromise or family arrangement in order to avoid litigation, the question as to whether one of the parties is entitled to certain property or not, such compromise will not be set aside, although it should eventually turn out that the party taking something under the compromise was, in reality, legally entitled to nothing.

"A deliberate settlement of a controverted right will not be set aside, except for those cases which, like fraud, mistake, or undue influence, invalidate all contracts; and it is not, therefore, sufficient ground for opening and rescinding such an agreement that it is harsh or unequal in its operation.

"But the parties in making such agreement must act in perfect good faith, without concealment, misrepresentation of facts, or fraud."

The law has always favored voluntary settlements of controverted issues in the courts, and where, in the absence of fraud, an agreement has been entered into for the purpose of avoiding litigation, and in order that the parties may begin to reap the revenues from the property in litigation, the courts will not disturb such agreement.

The trial court having found in favor of appellee, as above set forth, and such findings being amply supported by the evidence, we are not authorized to disturb the judgment, and the same is, therefore, in all things affirmed.