BOST v. BARRINGER. (No. 1935.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 21, 1918.)

COMPROMISE AND SETTLEMENT ⬁20(1)—SUFFICIENCY OF EVIDENCE.

An agreement that, in settlement of suit for damages for breach of contract to furnish meat, defendant would pay costs, transfer a certain note to plaintiff, and give him credit on another note held by defendant, and signed by plaintiff as surety, compromised and settled the suit by an accord and satisfaction, although defendant failed to enter credit on the latter note, for the offset or credit on that note became legally effective upon the mutual agreement that it be allowed, and entry of the fact of credit on the note was not essential to the performance of the agreement.

Appeal from District Court, Rockwall County; Kenneth Foree, Judge.

Action by W. F. Barringer against W. W. Bost. Judgment for plaintiff, and defendant appeals. Reversed, and judgment entered for defendant.

The appellee agreed to furnish the appellant dressed meat at a stated price for the period of one year. Appellant conducted a meat market in the town of Royse. The appellee furnished meat until February 7, 1915, on which date appellant refused to accept any more meat under the contract. Thereafter the appellee instituted suit against appellant in the county court for damages for breach of the contract. At a term of the county court in January, 1916, the parties to the suit "agreed on a settlement of the controversy, and the suit was dismissed." According to the testimony of appellee, the only witness testifying:

"We agreed on the settlement. The terms of that agreement were as follows: Mr. Bost (the defendant in that case) agreed to pay the costs in the county court, to transfer without recourse a note for $80 on my son George, and to give me credit for $40.50 on another note which he held and that I had signed as surety. * * * The settlement of the controversy at that time provided that I was to receive a credit of $40.50 on the note of $315 and interest at the bank, which credit would reduce it to $295, and also Bost was to pay the court costs and to transfer to me the $80 George Barringer note."

Appellant transferred and delivered to appellee the note of George Barringer, and appellee was paid the jury fee of $3, which he had theretofore paid to the clerk; and the court costs were paid. Arp Rice was the principal, and appellee the surety, and appellant the holder and owner of the note for $315 and interest. There does not appear any memorandum of a credit of $40.50 on the note. Appellee testified that:

At the maturity of the note in February "I phoned J. D. Miller, cashier of the First National Bank, and asked him to take up that note from Will Bost; that I had contracted to pay it. I told him the amount was $295 if there was a credit on the note. He said that he would go and attend to it. The next day I was over there, and he had collected the whole note for $335.50, with no credits on it at all. * * * I do not know of my own knowledge whether the credit was allowed or not. Mr. Miller was repaid as follows: I helped Arp Rice borrow $200 and I got Mr. Miller to carry the balance."

On July 25, 1916, the appellee instituted the present suit for damages for breach of the original contract to furnish meat, claiming that appellant had not allowed the credit of $40.50 and had repudiated the settlement and compromise. The appellant answered by denial, and pleaded in bar the compromise and settlement of the controversy as contained in the compromise made in January, 1916. The case was tried before the court, and judgment was entered for the plaintiff for the damages proven.

A. H. Mount, of Dallas, for appellant. H. M. Wade, of Rockwall, for appellee.

LEVY, J. (after stating the facts as above). It is insisted by appellant that the court erred in not entering judgment in his favor because it is established by the evidence that the cause of action originally instituted in the county court for damages for the breach of the contract was compromised and settled by an accord and satisfaction. And it is believed that the contention should be sustained. For it admittedly appears that there was a mutual agreement made between the appellant and the appellee as a settlement of the lawsuit then pending in the county court. The admitted terms of agreement were that (1) appellant transfer without recourse to appellee a certain note in the principal sum of $80, executed by George Barringer; (2) appellant give and appellee receive credit in the sum of $40.50 on the principal sum of a note on which appellee was surety, and of which the appellant was the holder; and (3) appellant pay the court costs. And the evidence admittedly shows a full, complete, and legal performance by appellant of the things required of him to be done under the terms of the agreement. For the appellant satisfied the court costs and actu-

⬁For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ally indorsed without recourse and delivered to appellee the note of $80 owned and held by appellant against George Barringer. And the agreement in itself that the holder of the note give and the surety receive "credit" on the principal of the note in the sum of $40.50 operates as a release or relinquishment of the payment of the principal amount of the note to the extent of the agreed sum of $40.50. For as the appellant was the holder of the note it was not required, nor legally essential, in order to carry out and perform that term of the agreement to "give credit" in the sum of $40.50 on the principal of the note, that any other act be done. The offset or payment of the $40.50 was legally effective upon the mutual agreement being made that such credit or payment be then allowed. As, for illustration, had the appellant sued for the full amount of the note, the appellee could have predicated a defense against payment of the full amount upon the agreed reduction of the principal amount by the sum of $40.50. The entry of the fact of credit by $40.50 on the note was not essential to the legal effectiveness of the agreement, and the failure to make the memorandum of the fact of credit on the note did not make the terms of agreement legally ineffective. Accepting, as the appellee did, the appellant's promise of allowance of the credit of $40.50 on the note as a settlement of the suit, the agreement was an executed and not an executory one; and the remedy of appellee for the breach thereof is by an action thereon, and not on the original right to damages. Railway Co. v. Harriett, 80 Tex. 73, 15 S. W. 556.

The judgment is reversed, and judgment will be here entered in favor of appellant, with costs of appeal and of the trial court.