## NICHOLSON & RASBURY v. WILSON.
### (No. 6713.)

(Court of Civil Appeals of Texas. San Antonio. March 29, 1922. Rehearing Denied April 26, 1922.)

1. **Venue** ⬅7—Draft held payable in county of suit.

A draft by one member of defendants' firm drawn in the presence of the other member upon the firm, so that no acceptance was necessary under Laws 1919, c. 123, § 130 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—130), and which was dated at a town within the county where suit was brought and designated the drawee firm as within that county, was payable in the county, so that defendants' plea of privilege to be sued in another county was properly overruled.

2. **Sales** ⬅333—Failure to give buyer notice of intention to resell after breach held not to defeat recovery for difference.

Where the buyer of cotton breached his contract by refusing to take the goods, and the seller, after an unsuccessful attempt to notify the buyer, sold the cotton and credited the buyer with the price which was the highest cash market price at the time of defendants' breach, defendant was not prejudiced by failure to give notice.

3. **Appeal and error** ⬅733—Assignment held insufficient to show error in allowing item of account.

An assignment of error complaining of the allowance of credit to the seller for resale of an item which was charged by brokers for reconditioning the cotton does not show error where the only item of that amount was in an account introduced in evidence without objection, and there was no reference in assignment, proposition, or statement to identify the item assailed in Court of Appeals.

4. **Sales** ⬅384(7)—Seller can recover cost of resale after buyer's breach.

In an action by the seller for the buyer's breach of contract, where the evidence showed that the seller resold the cotton within a reasonable time after the buyer's breach, it was proper to add the cost of resale to the other costs incurred.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Sales ⚖=87(3)—Finding that there was no time fixed for delivery held sustained by evidence.**

A finding by the trial court that there was no time fixed for the delivery of the cotton by plaintiff to defendant is sustained by plaintiff's positive testimony to that effect, supported by defendant's failure to object when notified of the shipment of cotton, notwithstanding defendant's testimony that date of shipment was agreed upon, and that it was not shipped until after that date.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by Ben F. Wilson against Nicholson & Rasbury. Judgment for plaintiff, and defendants appeal. Affirmed.

Doss & Baugh, of Ballinger, and Kleberg, Stayton & North, of Corpus Christi, for appellants.

E. H. Crenshaw, Jr., of Kingsville, for appellee.

FLY, C. J. This suit was instituted by appellee, a resident of Kleberg county, against appellants, residents of Runnels county, Tex., the basis of the suit being a draft drawn by appellants on appellants at Robstown, which was given for 41 bales of cotton sold by appellee to appellants. Appellants filed their plea of privilege to be sued in Runnels county, which was overruled, and a trial had on the merits, and judgment rendered in favor of appellee for $2,142.52. The trial on the plea of privilege immediately preceded the trial on the merits.

The facts justify conclusions that appellants bought 41 bales of cotton from appellee and agreed in writing to pay for the cotton in Robstown, Nueces county, Tex. The cotton was tendered by appellee under the terms of the contract, but payment was refused by appellants. Appellee then sold the cotton for its market value and credited the account of appellants with the proceeds of the sale.

[1] Appellee sold to appellants 41 bales of cotton on August 20, 1920, and on the same day appellants drew the following instrument:

"Bank of Bishop (Unincorporated). Customer's draft. Robstown, Texas, Aug. 20th, 1920. Pay to the order of Ben F. Wilson $7,-426.49, seventy-four hundred twenty-six and 49/100 dollars, value received, and charge the same to the account of L. Nicholson. To Nicholson & Rasbury, Robstown, Texas."

That check, according to its face, was payable at Robstown, Nueces county, Tex. On September 7 the Bank of Bishop, Tex., paid appellee the amount of the check, and the same was presented to appellants and they refused payment. The amount of the draft was then charged to appellee. No acceptance of the draft was necessary because the check was drawn by Nicholson for his firm on his firm. Article 1, § 130, p. 204, Laws of 1919 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—130). The other member of the firm was present when the draft was drawn. The check was undoubtedly made payable by its terms in Nueces county. Pittman v. Robey (Tex. Civ. App.) 234 S. W. 1114. The cited case is very similar to the case now being considered.

We think the plea of privilege was properly overruled, but, if not, it would seem that appellants waived the right to have action of the trial court in overruling the plea reviewed when they failed to prosecute an appeal from the order overruling the plea, if a late opinion of the Court of Civil Appeals of the Sixth District be correct. Hill v. Brady, 231 S. W. 145. However, this court prefers not to commit itself to that ruling, as we have grave doubts as to its correctness under the terms of article 1903, Revised Statutes, as amended in 1917 (Laws 1917, c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]). It seems difficult to reconcile this case with that of Sinton Bank v. Tyler College (Tex. Civ. App.) 231 S. W. 170, by the same court.

Appellants entered their notice of appeal to the order overruling their plea of privilege, but made no objection to a trial on the merits and voluntarily entered the trial, and no exception to the action of the court was made until the 138 assignments of error were filed on January 13, 1922, more than three months after the trial of the cause. They have lost nothing, however, if they were forced into a trial on the merits, as their claim to a judgment on the plea of privilege has been fully considered by this court. The first assignment of error on the merits is overruled.

[2] Appellants had refused to accept the cotton and pay the draft, and appellee, in order to protect their interests as well as his own, sold the cotton to the best advantage and gave appellants the benefit of the proceeds from the sale. He endeavored to notify appellants of his intended sale of the cotton, but was unable to locate them. The cotton was sold on the best available market and for the highest cash market price. Appellants knew that the cotton had been shipped to them at Houston, but refused to pay for the same, and, if appellee had not taken some action in regard to the cotton in order to preserve it from being consumed by costs and charges, appellants doubtless would be complaining that he had not used the proper means to protect himself and minimize the damages. Even if the sale was not authorized, because of a want of notice to appellants, still under the rule fixed by such circumstances in Kempner v. Heidenheimer, 65 Tex. 587, appellants would have no cause of complaint, because the proof showed that the price obtained for the cotton

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was the highest market value at the time of the breach by appellants. They could legally ask no more than was accorded them. White v. Matador Land Co., 75 Tex. 465, 12 S. W. 866. The property was sold on the nearest and best market for the highest price, and notice to appellants could have obtained no more advantages to them. If appellee did not, by a failure to notify appellants, make such sale as was authorized by the breach of the contract, still he could show that he got the market value and would be entitled to that as a credit. As said in the cited case of Kempner v. Heidenheimer:

"Not making such sale as was authorized by the defendant's breach, the plaintiff was only entitled to recover the difference between the market value at the date of defendant's breach and the price defendant had agreed to pay."

That is practically what was recovered by appellee in this case. In case of a resale under notice, it would not have been necessary for the appellee to prove that he obtained the highest market value for the cotton, but he proved it anyway. The second and third assignments of error are overruled.

[3, 4] The fourth and fifth assignments of error are overruled. The fourth assignment complains of the credit for resale of $93.74, which amount was charged by brokers, in Houston for reconditioning cotton. The only item of $93.74 found by the court in the statement of facts is in an account introduced in evidence by-appellants, and no objection was urged to the item in the court below. Appellants proved up the item by placing it in evidence. There is no reference in assignment, proposition, or statement to identify the item assailed in this court. The testimony shows that the resale was made in a reasonable time, in view of the circumstances. It was proper to add the costs of sale to the other costs incurred.

The facts indicate that appellants knew that appellee had the right to resell, but would not comply with their contract, and there is authority that under such circumstances a notice of the intention to resell is not essential. Sutherland on Damages, § 647, p. 2243, and authorities cited in footnote.

[5] The evidence shows that no time was specified when the cotton should be delivered, and appellants did not indicate to appellee that they desired the cotton at any certain time. The facts showed due diligence upon the part of appellee to deliver the cotton, and when it was loaded on the cars and appellants apprised of the fact they made no objection whatever, but, as the court found, they "made no protest, but rather acquiesced therein." The sixth assignment of error is overruled.

There is evidence, as found by the trial judge, that appellants saw, classed, gave a check for, and accepted the cotton on August 20, 1920, but such finding would be immaterial anyway. Appellants had contracted for, and had graded and priced, and given their obligation for the cotton, and then breached their contract on a flimsy excuse not contemplated when the cotton was placed on the cars to be shipped to them. The cotton would undoubtedly have been accepted if the price had gone up instead of down. The seventh assignment of error is overruled.

There is no proposition under the eighth assignment of error, nor is it made a proposition in itself. However, there is evidence to sustain the conclusion of the court that is attacked by the assignment. Appellee swore that no time for shipment was agreed on, but "that we would get our cotton out just as fast as we could do it, as we did on several hundred bales previously. We moved it just as fast as we could, but there was no time mentioned on any of it." The assignment is overruled.

The ninth, tenth, eleventh, and twelfth assignments of error are overruled. Appellants seem to think, because they swore that the cotton was to be delivered on August 25, the fact was proved, but this was flatly contradicted by appellee, and the court gave credit to his testimony, as it was authorized to do. They afterwards ratified the shipment at a later date than that fixed by them in their testimony. The evidence showed appellee used due diligence and loaded the cotton as soon as was practicable.

The remaining assignments of error, most of them attacking findings of the trial court, are without merit and are overruled. The conclusions of the trial court are adopted by this court.

The judgment is affirmed.