ISABELLA BLACK AND JOSEPH W. GROPPENBACHER v.
THE DELBRIDGE, BROOKS & FISHER COMPANY.

*Sale—Delivery—Acceptance—Statute of frauds—Evidence.*

1. In a suit to recover for lumber sold under a verbal contract,
   which plaintiffs claimed defendant had received and accepted,
   and which defendant claimed was not of the grades con-
   tracted for, and had never in fact been accepted, the
   defendant, not choosing to rely upon the statute of frauds as
   a defense, offered evidence in support of the first branch of
   its claim, which is held to have been properly received for the
   purpose of corroborating its further claim of the non-accept-
   ance of the lumber.

2. The receipt of the lumber into defendant's possession did not
   amount to an acceptance, but it was incumbent on the plaint-
   iffs to show not only its receipt, but an acceptance *after* the
   receipt; citing *Remick v. Sandford*, 120 Mass. 309; *Henkel v.
   Welsh*, 41 Mich. 665; Benj. Sales, § 152; which acceptance
   must have been at some time prior to the commencement of
   suit.

Error to Wayne. (Gartner, J.) Argued January 14,
1892. Decided January 22, 1892.

*Assumpsit.* Plaintiffs bring error. Affirmed. The
facts are stated in the opinion.

*William Stacey,* for appellants, contended:

1. Evidence of the quality of the lumber in dispute was improp-
   erly received, it not being material upon the issue whether
   there had been in fact an acceptance which would supply
   the place of a written contract; citing *Comstock v. Sanger*, 51
   Mich. 497; *Peter v. Thickstun*, Id. 589; *Stone v. Browning*, 68
   N. Y. 600; *Manufacturing Co. v. Allen*, 53 Id. 515; *Caulkins
   v. Hellman*, 47 Id. 449; *McCormick v. Sarson*, 45 Id. 265; *Smith
   v. Stoller*, 26 Wis. 671; *Locke v. Williamson*, 40 Id. 377; *Olson
   v. Mayer*, 56 Id. 551; *Gilson v. Bingham*, 43 Vt. 410; *Haase v.
   Nonnemacher*, 21 Minn. 486; *Thompson v. Libby*, 35 Id. 443.

2. The court seems to have gone upon the theory that, even if

there had been an acceptance of the lumber, the plaintiffs could only recover its actual worth, regardless of the contract price, and because they did not offer any proof of value they could not recover anything; but under this view of the case the testimony was equally objectionable, because the defendant had given no notice of recoupment; citing How. Stat. § 7363; *Deifendorff v. Gage*, 7 Barb. 18; *McKevitte v. Feige*, 57 Mich. 374.

3. The court erred in making the comparison it did between lumber and perishable goods when defining reasonable time. All the authorities that we have been able to discover on this point ignore the character of the goods entirely, and hold a vendee, in the exercise of his right to accept or reject goods, strictly to the opportunities of examination afforded him. The defendant acknowledged that it discovered the defects in the lumber as soon as it came into its yard, and there is no evidence going to show that any time for examination was necessary after the lumber arrived in the yard; hence plaintiffs' second request to charge should have been given without the modification as to what constitutes a reasonable time; citing *Shipman v. Graves*, 41 Mich. 675; *Reed v. Randall*, 29 · N. Y. 358; *Dutchess Co. v. Harding*, 49 Id. 321; *Croninger v. Crocker*, 62 Id. 151; *Pease v. Copp*, 67 Barb. 132; *Deane v. Dunham*, 79 Ill. 131.

*Cutcheon, Stellwagen & Fleming,* for defendant.

MONTGOMERY, J. The plantiffs sued to recover for a carload of birch lumber, consisting of 10,500 feet, at the price of $25 per M. The contract for sale was verbal, and its terms were in controversy. The plaintiffs claimed that the lumber contracted for was to be mill run; and the defendant's claim was that it contracted for first and seconds. The pleadings consist of the common counts and a plea of the general issue. The claim of the plaintiffs was that the lumber had been received and accepted, and they gave evidence tending to establish this claim. The defendant claims that the lumber was not of the grades contracted for, and was never in fact accepted.

1. Error is assigned upon the ruling of the trial judge in receiving evidence offered by the defendant to show

that the lumber was not up to the grades contracted for. But we think this testimony was competent for the purpose of corroborating defendant's claim that there was no acceptance in fact. The reason suggested why this testimony was not admissible is that, as the contract was void under the statute of frauds, the plaintiffs could only recover by showing an actual acceptance, and, therefore, that the quality became immaterial. It is undoubtedly correct to say that there could not have been a recovery by the plaintiffs, based upon the showing that the lumber did correspond to the grades contracted, without also showing an acceptance; but it does not follow that it was improper for the defendant to show that the lumber did not come up to grade, as showing a reason for non-acceptance. It did not choose to rely upon the statute of frauds as a defense, and could not be compelled to rest under the imputation of having captiously or dishonestly repudiated its verbal agreement.

2. The plaintiffs requested the court to charge the jury as follows:

"If, when the lumber arrived at defendant's yard, the defendant was not satisfied with it, then the defendant should at once have notified the plaintiffs that they refused to accept it, or returned the lumber to them; and, if the defendant did not do either, then it must be held to have accepted the lumber, and the plaintiffs should recover the full contract price, and interest at 6 per cent. to date."

This the court refused to do, but did charge that, if the defendant accepted the lumber, it would be bound, and that it had a reasonable time within which to accept or reject the lumber; and added:

"By a reasonable time is meant such time as within which an ordinarily careful and prudent man would act. What is a reasonable time in one instance may not be a reasonable time in another; or what is a reasonable time

in one business would not be a reasonable time in another. For illustration, suppose the goods shipped are fruits or other perishable goods, a reasonable time in an instance of that kind would not be a reasonable time within which to accept or reject lumber."

The request of plaintiffs was properly refused. The statement which it contained is equivalent to saying that the receipt of the lumber into defendant's possession amounted to an acceptance. Such is not the law. It is incumbent upon the plaintiffs to show not only the receipt, but an acceptance after the receipt. *Remick v. Sandford*, 120 Mass. 309; Benj. Sales, § 152; *Henkel v. Welsh*, 41 Mich. 665. The charge of the court on its own motion could not have misled the jury. There were two thories presented,—the one based on the testimony of the plaintiffs, which showed an actual acceptance, and that no complaint was made on the part of the defendant, but that, in subsequently contracting for two additional car-loads of lumber, the defendant recognized the purchase of the lumber in question, and spoke of it as its; while the testimony of the defendant was to the effect that notice of its refusal to accept was given within a half hour of the time when it began to unload, and discovered that the lumber did not come up to grade, which was on the very day of the receipt, or the day succeeding. The jury must have found the facts as testified to by the defendant's witnesses.

3. The plaintiffs, having shown that subsequent to the delivery of the lumber in question the defendant ordered two additional car-loads, and stated that it did not wish to buy these car-loads as it had the former car-load (the one in question), offered to prove the date of this conversation. This was not permitted. We confess that we can see no reason why the testimony should not have

been admitted, but, as it fully appeared that it was subsequent to the receipt into its yard of the lumber in question, the error was not prejudicial, and the case should not be reversed on this ground.

4. Plaintiffs requested the court to charge that if defendant loaded the lumber on a car, and gave it to the Michigan Central Railroad Company in payment of some bill of charges, that was exercising such an act of ownership as would bind defendant to pay for it. The only testimony tending to show that such a disposition was made of the lumber was that of one of the defendant's witnesses, who testified that about a month after the lumber was unloaded by defendant it was reloaded, and turned over to the Michigan Central Railroad Company, to secure it for the freight, which had not been paid on it. This testimony shows that the reloading of the lumber and its redelivery to the railroad company took place after the commencement of this suit. The instruction was therefore properly refused. It was incumbent upon the plaintiffs to show an acceptance at some time prior to the commencement of this suit.

We have examined the other errors assigned, and find no prejudicial error.

Judgment will be affirmed, with costs.

MORSE, C. J., McGRATH and LONG, JJ., concurred. GRANT, J., did not sit.