## GLOBE OIL COMPANY v. G. W. POWELL.

FILED NOVEMBER 3, 1898.  No. 8387.

1. **Assignments of Error:** INSTRUCTIONS. If of the giving of more than one instruction there is an assignment of error in gross in the motion for a new trial, and one of the instructions is determined proper, no further examination of the assignment need be made.

2. ———: RULINGS ON EVIDENCE: RECORD. An assignment of error in the petition was of the admission of the evidence of a witness as set forth on a designated page of the bill of exceptions, and an examination developed the fact that no objections were interposed to any interrogatories or any evidence shown on the stated page of the record. *Held,* To present no matter for consideration or decision.

3. **Instructions:** REVIEW. An instruction which ignores a proposition material to the conclusion which it announces may, under certain findings, be reached for one of the parties, is erroneous.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J. *Reversed.*

*John D. Carson,* for plaintiff in error.

*F. B. Donisthorpe, contra.*

HARRISON, C. J.

On December 15, 1891, the defendant, then in business in Shickley, gave to a traveling salesman for the plaintiff the following order:

"Dated Dec. 15th, 1891.  Sold by J. O. C. "The Globe Oil Co., 1891.

"Ship to G. W. Powell, on or about June 1st, at Shickley; county, Fillmore; state, Nebraska; P. O. address, ———.  Terms, 4 months.  F. o. b. Beatrice.  No special agreement will be recognized that is not embodied in this contract.

"½ bbls. King Cylinder at 40; 1 bbls. Castor Machine (heavy) at 33; 1 bbls. Mach. Lard Oil at 36; ½ bbls. Vel-

vet Engine at 27; ½ Amber Engine at 24; ½ Red Castor at 34; 4 packages at 50.

"Above is correct.  Quality of oil guarantied.

"G. W. Powell, Purchaser."

The plaintiff instituted this action to recover an amount asserted to be its due on account of the oils sold and delivered to defendant as shown in said order.  The defendant answered the petition, which was in the ordinary form of declaration on an account, and admitted the order, but alleged that it was conditional; that, if he was unable to procure a suitable place within which to store the oils ordered, he was not to receive them; that he had not been able to get the room for storage and had, before shipment of the goods included therein, canceled or countermanded the order.  It was further alleged in the answer: "Plaintiff claims to have delivered certain oil as per the terms of said contract, whereas the fact is that whatever oil was shipped to defendant never reached its destination, but certain barrels and half barrels reached Shickley, Nebraska, nearly empty of oil, the oil having escaped,—the said barrels and half barrels being in such shape and condition as not to be able to contain oil,—and the defendant refused to accept of the same."  The reply was a general denial, and from a verdict and judgment for defendant the plaintiff has prosecuted error to this court.

It is argued that the trial court erred in refusing to give in charge to the jury certain instructions prepared and requested for the plaintiff and numbered 2, 3, and 4. The assignment in the motion for a new trial in relation to the instructions to which we have just referred was in gross.  Of the instructions in question the one numbered 4 was erroneous, and this being determined disposes of the entire assignment as unavailing.  (*Hiatt v. Kinkaid*, 40 Neb. 178; *Graham v. Frazier*, 49 Neb. 90; *Denise v. City of Omaha*, 49 Neb. 750.)

It is argued that the court erred in the admission in evidence of the testimony of a witness—Oscar Johnson

—as set forth on pages 10, 11, and 12 of the bill of exceptions. In the petition in error there appears the following assignment: "The court erred in admitting the evidence of Oscar Johnson. See page 10, bill of exceptions;" and there is no other or further mention of the testimony of the witness designated in argument and in the assignment. To the questions asked of the witness as shown on page 10 of the bill of exceptions there were no objections; and of the admission of the other portions of the testimony of this witness, there were no assignments of errors in the petition; hence they are not presented for examination, from which it follows that this branch of the argument must fail.

It is insisted that the trial court erred in giving to the jury instruction numbered 3, given on its own motion, which was as follows: "The order provides that the oil shall be delivered free on board cars at Beatrice, Nebraska, and if you do not find either that it was so placed on board cars at Beatrice, in ordinarily good condition, or else that it arrived at its destination in ordinarily good condition, then defendant would have the right to refuse to accept the oil in question." It may be well to notice the facts as they appear in evidence relative to the shipment of the oils ordered by defendant. A knowledge of them may render somewhat clearer the applicability or lack of it of the foregoing instruction. A car load of oils, inclusive of what had been ordered by the defendant, was shipped to Omaha,—the witness who testified in regard to the matter said "for distribution." It must be concluded, since the testimony was of a car load "for distribution," and no consignment of any designated portion to defendant, or any other party, that there was no separation, and the car load was the company's property. The oils ordered by defendant were shipped from Council Bluffs to Shickley, consigned to defendant at the latter place; and it will be remembered they were to be according to the order for them, "f. o. b. Beatrice," which seems to have been interpreted by the

34

trial court as meaning delivered on board cars at the place mentioned. (See instruction quoted herein.) This court has considered the import of a contract to sell "prices f. o. b." at a designated point, and whether it fixes the place of delivery or not, and did not reach a conclusion which is applicable, as an inflexible rule, in all similar cases. (See *Neimcyer Lumber Co. v. Burlington & M. R. R. Co.*, 54 Neb. 321.) But if it be conceded that the instruction in this case was correct in its statement of the place of delivery, Beatrice, then the title to the goods passed to the defendant at said point, and the instruction was erroneous in its further assertion that unless the jury should find that the condition was good when delivered, or ordinarily so, at time of arrival at Shickley, then the defendant might refuse to receive them. The matters of condition of which there were complaints were of the barrels in which the oils were shipped, and of leakages. The instruction ignored in its latter portion the proposition that these matters might have been produced by negligence and carelessness of the carrier after the title to the goods had passed to the consignee. If so, it was without fault of the vendor, and would furnish no sufficient reason for a refusal to receive as between the vendor and vendee. For the error in the instruction the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.