# Dentzel *v.* Island Park Association, Appellant.

*Sale—Personal property—Contract—Delivery f. o. b.—Carriers.*

1. When a contract for the sale of personal property calls for delivery f. o. b. at some particular place, and the seller there delivers the article in accordance with the stipulations, the title to the property at once passes to the buyer, unless otherwise provided. This rule yields, however, where the contract reserves to the seller the right of property, notwithstanding his delivery to the carrier.

2. Where machinery is sold f. o. b. cars at the place of manufacture, and the complete machinery is so delivered, and there is nothing whatever to indicate that the seller either in the bill of lading, or by any agreement with the carrier or with the purchaser reserved a right of property in the machinery, notwithstanding the delivery f. o. b., the title to the machinery passes immediately on the delivery on the cars and this is the case although a portion of the purchase money was unpaid, and the seller was to send a man to the purchaser's establishment to install the machinery.

Argued Oct. 5, 1910. Appeal, No. 94, Oct. T., 1910, by defendants, from judgment of Somerset Co., Sept. T., 1906, No. 244, on verdict for plaintiff in case of W. H. Dentzel, Administrator of G. A. Dentzel v. Island Park Association et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Replevin for a carrousel. Before KOOSER, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $6,550. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*W. H. Ruppel,* with him *C. F. Uhl, Jr.,* for appellants.—
The fact that by the terms of the contract the seller was to send a man to superintend the erection of the machine

did not affect the title of the association thereto: Emery v. Scarlett, 8 Pa. C. C. Rep. 123; Andrews v. Weaver, 4 Montg. Co. 110.

The title passed on delivery: Leedom v. Philips, 1 Yeates, 527; Bowen v. Burk, 13 Pa. 146.

The title was perfect notwithstanding the purchase-money remained unpaid: Backenstoss v. Speicher, 31 Pa. 324; Welsh v. Bell, 32 Pa. 12; Mackaness v. Long, 85 Pa. 158; Frech v. Lewis, 218 Pa. 141.

*Charles H. Edmunds,* with him *Ernest G. Kooser* and *Edmund E. Kiernan,* for appellee.—The case was ruled by Frech v. Lewis, 218 Pa. 141; Rice v. Olin, 79 Pa. 391; Cooper v. Whitmer, 18 W. N. C. 376.

OPINION BY MR. JUSTICE STEWART, January 3, 1911:

This case called for binding instructions. The contract between buyer and seller was in writing, and so definite and explicit in its terms that it gave rise to no controversy whatever. It was not attempted to be shown that it had ever been rescinded or modified. G. A. Dentzel, whose legal representative is the plaintiff in the action, was the seller, and the Island Park Association, one of the defendants, was the buyer. The contract provided that the former for the sum of $5,500 was to manufacture for the latter a carrousel, with organ, motor and attachments. The price was to be paid in installments; $250 on the signing of the agreement; $2,500 on the erection of the machine in the park; $900 in sixty days thereafter, and $950 in ninety days thereafter, notes to be given for the last three payments. The contract provided, among other things, that the seller was to "deliver the complete carrousel f. o. b. cars, Philadelphia, and send one man to erect and place in order;" the party of the second part agreeing "to pay freight charges." It is a general rule, not to be questioned, that when the contract in a sale of personal property calls for delivery f. o. b. at some particular place, and the seller there delivers the article in

accordance with the stipulations, the title to the property at once passes to the buyer, unless otherwise provided: Schmertz v. Dwyer, 53 Pa. 335; Bacharach & Co. v. Chester Freight Line, 133 Pa. 414; Dannemiller v. Kirkpatrick, 201 Pa. 218. The rule yields where the contract reserves to the seller the right of property, notwithstanding the delivery to the carrier. Since delivery is after all a matter of intention on the part of the seller, even though the contract calls for delivery f. o. b. cars at a designated place of shipment, the seller may before the delivery on board the cars, stipulate with the carrier that the latter is to carry it for him, thereby making the carrier the seller's agent in receiving the property. This follows when the seller takes from the carrier a bill of lading which secures the shipper against delivery, at the point of destination, to any one except upon his order. When the contract, however, as here, shows an agreement to deliver f. o. b. with nothing to qualify it, the law will presume a delivery to have been in accordance with the stipulations, and cast the burden on the seller if he assert the contrary. There is not a particle of evidence in the case that this burden was discharged. No assertion of dominion over the property, so far as the evidence discloses, was made until after it reached its destination. The plaintiff does not pretend to say that he stipulated either with the defendant or the carrier that his right of property was not to be affected by the delivery to the latter. We find no copy of the bill of lading in the record; but it is distinctly stated in the charge of the court as though it were an uncontroverted fact in the case that the carrousel, "on the 19 June was put on board cars of the Pennsylvania Railroad and shipped to defendant, the Island Park Association." The learned trial judge adds, "That did not make it, because of this contract, the property of the Island Park Association, at that time, because it was yet subject to the payment of the $2,500 cash upon the erection of the machine upon the premises of the defendant, and a number of days work as has been detailed

to you was left to be done on the machine in its erection before it was ready for complete delivery to the Island Park Association." This was error. If delivery on board of cars was delivery to the park association, as it presumably was, and as it certainly was if the direction was to ship to the defendant association, it is wholly immaterial that the price had not been paid, or that under the contract the seller was yet to put the machine in place; the delivery was a parting with the dominion, and that fact of itself passed the title to the property. In Scott *v.* Wells, 6 W. & S. 357, it was held to be a general rule, that wherever there has been an absolute delivery pursuant to a bargain perfect in its members, the ownership of the property is vested by it, and although the terms of sale be cash a subsequent delivery without payment passes the property. The right of reclamation after delivery, exists only in case of fraud or deceit in the purchase, or in procuring the possession: Smith *v.* Smith, 21 Pa. 367. "When a delivery to a carrier is equivalent to a delivery to a buyer, the condition as to payment or security may be waived by an unconditional delivery to the carrier; but such condition is not waived if the delivery to the carrier is merely conditional, as when the carrier is instructed not to deliver the goods unless payment is made. The seller may also reserve the right of property in the goods, notwithstanding delivery, by taking a bill of lading in such form as to indicate an intention to reserve the right:" 35 Cyc. of L. & P. 330, and the authorities there cited. Here the seller did nothing of this kind. Not a single circumstance was shown from which an inference of conditional delivery could be derived. The machine when put on board was complete; nothing remained to be done to perfect it; it was deliverable; and its price was fully ascertained and fixed. That the seller was to contribute the labor of an expert to put it in place and running order did not make it any the less deliverable as a piece of property. The law governing cases of this character was so recently and fully

discussed in Dannemiller v. Kirkpatrick, 201 Pa. 218, by our Brother MESTREZAT that further discussion here is not required. This may be a hard case; but if so, the responsibility rests not with the law, but upon the losing party who failed to adopt the easy precautions it afforded for his protection. The court's refusal to give binding instructions for the defendant is the subject of the first assignment, and that assignment is sustained.

We now reverse the judgment on the verdict, and enter judgment for the defendant.