WICKS & CO. v. RACINE CONFECTIONERS' MACHINERY CO.    (No. 929.)

(Court of Civil Appeals of Texas. Beaumont. March 30, 1923.)

1. Sales ⚯202(6)—Title to goods held to pass to purchaser upon delivery to carrier.

Where goods are sold at a particular price f. o. b. the point of manufacture, the bill of lading to be forwarded to the purchaser with sight draft attached, the title to the goods passes to the purchaser when delivered to the carrier and draft and bill of lading are mailed.

2. Sales ⚯384(4)—Seller can recover cost of repairing goods injured in transition rejection by purchaser.

Where goods were sold and shipped but were refused by the purchaser and returned to the seller, who was obliged to repair damages incurred in transit before the goods were again salable, *held*, that he was entitled to recover of the purchaser the cost of such repairs.

Appeal from Harris County Court; J. W. Lewis, Judge.

Action by the Racine Confectioners' Machinery Company against Wicks & Co. Judgment for plaintiff, and defendant appeals. Affirmed.

E. T. Chew, of Houston, for appellant.

Campbell, Myer & Freeman, of Houston, for appellee.

HIGHTOWER, C. J. Appellee, plaintiff below, sued appellant as defendant in the county court at law of Harris county for damages alleged to have been sustained in consequence of defendant's failure and refusal to accept and pay for two certain articles of machinery which defendant ordered plaintiff to manufacture and ship to it; the total amount of damages claimed being $469.66. The defense was that the order for the machinery was countermanded and canceled by mail before the machinery was manufactured and shipped. Plaintiff's reply was that if defendant mailed to it a letter countermanding the order, such letter was never received by it.

The case was tried without a jury, and resulted in a judgment for plaintiff for the amount claimed, and defendant has appealed.

The court filed findings of fact and conclusions of law, and the issue of fact which is conclusive of the matter, if it has support in the evidence, is the finding by the court that appellant's letter countermanding the order for the machinery was never, in fact, received by appellee. That finding is vigorously attacked by appellant, and its brief on that point is quite interesting and instructive, and has had our careful consideration. We have concluded, however, after going through the entire statement of facts as found in the record, that the evidence before the trial judge was not such as to compel him to find that the letter of cancellation of the order was received by appellee, but, on the contrary, was sufficient to sustain his finding that it was not. We therefore overrule all of appellant's assignments on this point. We do not state the evidence that was before the trial court, for the reason that it would serve no useful purpose to do so. This court, as a rule, in cases on appeal from county courts in which a verdict or judgment is attacked as to some finding of fact, does not discuss the evidence relating to such findings where we are of opinion that such finding has support in the evidence; but where, in such a case, we conclude that a judgment is wholly without support in the evidence as to some fact issue necessary to sustain it, and therefore requiring a reversal, we try to make such a fair statement of the evidence as will point out its insufficiency to sustain the judgment.

[1, 2] By the sixth assignment, appellant complains of the action of the trial court in allowing appellee as an item of damages $112.30 as the cost of repairs to the machinery after same had been returned to appellee by the railroad company. Appellee based its claim to this item on the fact that while the machinery was being held in storage by the railroad company, awaiting its acceptance by appellant, which the record shows was a considerable length of time, the machinery became worn and damaged to such extent that it was not marketable or salable without such repairs, and that as appellee was finally compelled to take the machinery back, to fully protect itself, it ought to recover this cost of repairs. Appellant's contention in this connection is that it could

not be legally charged with this item of damage which resulted to the machinery while in charge of the railroad company. In making this contention, however, it is assumed by appellant that title to the machinery had never passed to it, because it had canceled the order for the machinery, and because the machinery was never, in fact, delivered to it or accepted by it. Under the terms of the contract under which this machinery was to be purchased by appellant from appellee, it was to be delivered to appellant f. o. b. Racine, Wis., sight draft with bill of lading attached, and therefore the title to the machinery did pass to appellee when the machinery was delivered to the railroad company at Racine, Wis., and sight draft with bill of lading attached mailed to appellant. At the time this delivery was made to the railroad company, appellee, as found by the court, had received no cancellation of the order from appellant. We therefore overrule the assignment which questions the item in the judgment of $112.30.

All assignments of error are overruled, and the judgment is affirmed.