## LIPSHITZ et al. v. EARL FRUIT CO. OF THE NORTHWEST.    (No. 6795.)

(Court of Civil Appeals of Texas. Austin. Oct. 22, 1924.)

**1. Appeal and error ⟲1050(1)—Admission of offer of compromise harmless, in view of adversary's testimony.**

Admission of evidence of defendant's offer, even if one of compromise, was harmless; he thereafter testifying fully, on cross-examination, to the same effect, without objection, and no request being made by proffered charge to exclude his testimony.

**2. Sales ⟲201(4)—Condition on arrival immaterial, where buyer agreed to shipping point acceptance on inspection there.**

If buyers of apples to be shipped from Washington, in ordering them, agreed to Washington acceptance on inspection there, their condition on arrival in Texas was immaterial; they becoming buyers' property when delivered to carrier.

**3. Trial ⟲352(1) — Issue not confused in form submitted.**

Issue, "Did L. order * * * according to the terms of the telegram?" was not confused in form; there being no dispute, except as to one of the terms.

**4. Sales ⟲201(4)—Property being then of quality represented, title passes to buyer at point of origin, in case of f. o. b. shipment, draft attached.**

In case of f. o. b. sale and shipment, with draft attached to bill of lading, title passes to buyers at point of origin, if apples bought are then of quality represented.

**5. Sales ⟲333—When seller need not notify defaulting buyer of intention to resell.**

Where there is an absolute refusal by buyer to accept the goods, or he has notice of facts which give seller right to resell, seller need not notify buyer of intention to resell, in order to bind him by price obtained at resale.

**6. Sales ⟲333—Failure to give buyer notice of intention to resell not fatal, where shown not to injure him.**

Failure of seller to give defaulting buyer notice of intention to resell is not fatal to buyer's right, where it is shown that such failure did not injure buyer; more being obtained on the resale than buyer thought the property was worth.

**7. Sales ⟲339—Enough for seller to plead and prove that he procured best price obtainable on . resale after rejection by buyer.**

Seller suing for difference between contract price and amount obtained on resale, on buyer's failure to accept, need not allege or prove market value of the goods, but it is enough to allege and prove that he procured the best price obtainable for them after their rejection.

Error from Tarrant County Court; W. P. Walker, Judge.

---

⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by the Earl Fruit Company of the Northwest against Sam Lipshitz and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Alfred H. Eaton, of Fort Worth, for plaintiffs in error.

Smith, Blow & Culver and Carl W. Wade, all of Fort Worth, for defendant in error.

BAUGH, J. The Earl Fruit Company of the Northwest, a corporation, sued in the county court of Tarrant county, Tex., Sam Lipshitz et al., for damages for failure to receive and pay for a carload of apples shipped by plaintiff to defendants in February, 1922. Plaintiff below alleged a sale to defendants of a car consisting of 756 boxes of fancy Winesap apples at $2.45 per box, f. o. b. Grandview, Wash., and subject to state inspection by the inspection service of the bureau of agriculture of the state of Washington. Further allegations were that, in compliance with its contract of sale, which was made through the Interstate Brokerage Company of Fort Worth, Tex., it shipped said car of apples to Fort Worth, but that same were rejected by defendants upon arrival and that thereupon plaintiff caused said apples to be sold at Cisco, Tex., at $2 per box; same being the nearest available market and the best price then obtainable for the apples. Plaintiff then alleged resulting damages in the sum of $381.70.

Defendants admitted purchase of the apples, but denied that they purchased same subject to Washington inspection and acceptance, alleging that they purchased same subject to inspection upon arrival at Fort Worth, Tex. They further alleged representations by plaintiff's Fort Worth brokers that the apples were in first-class condition; their reliance thereon in purchasing same; that the apples upon arrival were badly scalded, some decayed, and most of them covered with Jonathan spots; and that they rejected same because of fraud upon them.

The case was submitted to a jury on special issues, on all of which they found against the defendants. Based upon such findings the trial court rendered judgment against the defendants for $378.20; from which they prosecute this writ of error. Other facts necessary to our consideration will be set out in discussing the issues raised.

Opinion.

[1] Plaintiffs in error assert error of the trial court under five propositions based upon nine assignments. The first of these is that it was error to permit the plaintiff below to show over defendants' objection an offer of compromise made by Sam Lipshitz. The rule is too well settled to require citation of authorities that evidence of an offer of compromise made by one of the parties to a suit is inadmissible, if properly objected to. Plaintiff offered to show by the witness Norton, who was its Fort Worth broker, that defendant Lipshitz, after inspection, offered the plaintiff's said agent, rather than reject them absolutely, the sum of $1.75 per box for the apples. This offer was later submitted to plaintiff, and rejected. This testimony was not offered as evidence of a proffered compromise, but as a part of the transaction in which the apples were in fact rejected. It was also offered to refute the contention of the defendants that the plaintiff failed to procure the best price obtainable for the apples in selling them at $2 per box. The trial court admitted the testimony, and defendants reserved a proper exception.

There is some doubt whether this offer by Lipshitz was in fact an offer of compromise. At that time the apples had not been resold. It was not known just what they would bring upon resale. If they had been sold by plaintiff after rejection by defendants for as much as defendants had agreed to pay for them originally, there would have been no damage. No demand for the damages for which the suit was subsequently brought had at that time been made. We doubt, therefore, if the offer was such an offer "to buy his peace," as would render it inadmissible. If not, it would be admissible against defendants' contention that the $2 per box received for the apples was not the best price obtainable.

In any event, whatever error there may have been in the admission of this testimony of Norton was rendered harmless when the defendant Sam Lipshitz testified fully on cross-examination to the same effect without objection. Nor was any request made in a proffered charge to exclude his testimony. The decisions are numerous holding that in such case the objection is waived and the error becomes harmless. Southland Life Ins. Co. v. Hopkins (Tex. Civ. App.) 219 S. W. 254; City of Dallas v. Maxwell et ux. (Tex. Civ. App.) 231 S. W. 429; Security Banking & Investment Co. v. Flanagan (Tex. Civ. App.) 241 S. W. 702. This assignment is therefore overruled.

[2, 3] In their second and third propositions plaintiffs in error complain of the action of the trial court in submitting to the jury issue No. 1 as follows:

"Did Sam Lipshitz order the car of apples in controversy according to the terms of the telegram from Earl Fruit Company of the Northwest shown by Mr. Norton to Sam Lipshitz on or about the 9th day of February, 1922? Answer 'Yes' or 'No.'" Answer: "Yes."

They urge that it gave undue prominence to the contention of plaintiff, and that it in fact embodied several questions in one. The telegram read as follows:

"1922 Feb 8 AM 5 41 Spokane Wash 7 Interstate Brokerage Co. 1046 Ft. Worth,

Tex. Available for prompt shipment from Grandview Yakima District one car Fancy Winesaps sizes approximately 266 eighty eights larger 295 four tier 95 hundred thirty eights none smaller quote subject confirmation two forty five FOB owner specifies shipping point acceptance on state inspection work fast this wont last long. Earl Fruit Co. of the NW."

This telegram was submitted by plaintiff's Fort Worth broker to Sam Lipshitz at the time the order for the car of apples was given. Lipshitz denied that he read the portion of the telegram stating, "owner specifies shipping point acceptance on state inspection," and that he ordered the apples subject to such terms. There was no dispute as to the rest of the telegram.

Defendants did not deny placing the order for the apples. Their only defenses were that they had not agreed to Washington inspection, and that the apples did not meet the grade and quality of fancy Winesaps upon arrival at Fort Worth. If they did agree to Washington acceptance upon inspection there in ordering same, the condition in in which the apples arrived at Fort Worth was immaterial. The apples then became the property of defendants when delivered to the carrier. Alexander v. Heidenheimer (Tex. Com. App.) 221 S. W. 942. Hence the vital issue in the case was whether the defendants accepted the apples at shipping point, as specified in the telegram. This issue was not confused in the form in which it was submitted, and these assignments are therefore overruled.

[4] Defendants do not deny that it was a f. o. b. shipment, with draft attached to bill of lading. In such shipment title passed to defendants at point of origin if the apples were then of the quality represented. Alexander v. Heidenheimer, supra. The jury found that they were, so their condition at destination was immaterial so far as plaintiff was concerned.

Plaintiffs in error also complain of the refusal of the trial court to submit to the jury its requested special issue No. 2, as to whether or not the agents of plaintiff represented to the defendants at the time the car was ordered that the car of apples was a "good car of apples." The trial court doubtless concluded that as a matter of law there was not sufficient evidence of any representations to the defendants as to the character of the apples, other than the telegram itself, to authorize the submission of any such issue to the jury. In this we think the trial court was correct. We do not deem it necessary to discuss the evidence here.

[5-7] The fifth and last proposition urged is that a seller who elects to resell goods that have been refused by the purchaser must notify the purchaser of his intention to resell, in order to bind the purchaser by the price obtained at resale, and that such notice should be alleged and proved. In the instant case there were no such allegations.

The decisions of the various states are not uniform on this point. As stated in 35 Cyc. 522, the better rule seems to be to determine each case largely on its own facts. The earlier decisions in Texas seem inclined to the view that such notice to resell is necessary. Leonard v. Portier et al. (Tex. App.) 15 S. W. 414; Kempner v. Heidenheimer, 65 Tex. 587; Woldert v. Arledge, 4 Tex. Civ. App. 692, 23 S. W. 1052. But the later decisions hold that, where there is an absolute refusal by the purchaser to accept the goods, or notice to the defaulting purchaser of facts which give to the seller the right to resell, then no such notice is necessary. Waples v. Overaker, 77 Tex. 7, 13 S. W. 527, 19 Am. St. Rep. 727; Stanley v. Sumrell, (Tex. Civ. App.) 163 S. W. 697; 24 R. C. L. 111, § 378. And where the evidence shows, as in this case, that failure to give such notice resulted in no injury to the purchaser, we can see no good reason why failure to do so should be fatal. Nicholson & Rasbury v. Wilson (Tex. Civ. App.) 240 S. W. 614. The defendant Sam Lipshitz testified that upon rejection he offered $1.75 per box for the apples, but that in doing so he knew he would lose 75 cents per box on them, and that this offer was made the agent of the plaintiff in response to said agent's request for an offer. Even if this did not amount to a notice to the buyer of seller's intention to resell the apples, it shows that the seller actually obtained considerably more for the apples than the purchaser deemed them worth, and he could not have been injured thereby. Under the remedy elected by the plaintiff it was not necessary for him to either allege or prove market value of these apples. If the apples were as badly scalded and decayed as the defendants testified that they were, they doubtless had no ascertainable market value. The plaintiff did plead and prove that it procured the best price obtainable for the apples after their rejection, and the jury so found. This was sufficient.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.