GULF VEGETABLE & FRUIT CO. v. LANE.

1. DAMAGES—SALES—BREACH OF EXECUTORY CONTRACT.
    Where action is based on breach of executory contract for purchase of goods, measure of damages is difference between contract price and market value.

2. SALES—DELIVERY.
    Where contract for car load of carrots called for delivery f.o.b. shipping point, delivery to carrier constituted delivery to buyer.

On passing of title to property by delivery thereof to a carrier for transportation to consignee or vendee, see annotation in 22 L. R. A. 415.

3. SAME—RIGHT TO INSPECT—PASSING OF TITLE.

Buyer's right to inspect and reject car load of carrots if not of kind and quality ordered did not prevent passing of title to him on delivery to carrier, where court found that they conformed to contract.

4. SAME—SELLER NOT BOUND TO RESELL AFTER TITLE PASSED TO BUYER.

Where title to car load of carrots passed to buyer on delivery to carrier, seller was not bound to resell, on buyer's wrongful refusal to accept, but, having undertaken to resell, it was seller's duty to use its best judgment and sell at best obtainable price.

5. DAMAGES—SALES—BREACH OF CONTRACT.

Where contract for purchase of car load of carrots was completed, and title passed to buyer on delivery to carrier, and seller, on buyer's wrongful refusal to accept, resold them, it was entitled to recover contract price less amount received on resale.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted April 12, 1932. (Docket No. 88, Calendar No. 36,419.) Decided June 6, 1932.

Assumpsit by Gulf Vegetable & Fruit Company, Inc., a Texas corporation, against William D. Lane, individually and doing business as William D. Lane & Company, for balance due under contract for purchase of a car load of carrots. Judgment for plaintiff. Defendant appeals. Affirmed.

*Bryant, Lincoln, Miller & Bevan (Albert M. Stern, of counsel), for plaintiff.*

*Chawke & Sloan, for defendant.*

McDONALD, J. The plaintiff sold a car lot of carrots to defendant at Detroit, f.o.b. Houston, Texas. When they arrived at Detroit, acceptance was refused by defendant on the ground that they were not

of the kind and quality ordered. He notified the plaintiff to make its own disposition of the shipment. Plaintiff accepted the suggestion, and, after notice to the defendant that they would be disposed of on his account, sold them for the amount of the freight charges, which it claims was the best price obtainable. This suit was then brought to recover the contract price less the proceeds received on the resale. The issue was tried by the court without a jury, and judgment was entered in favor of the plaintiff. The defendant has appealed.

On the theory that the measure of damages is the difference between the contract price and market value, the defendant claims that there is no evidence to support the judgment. No other question is discussed in his brief or included in his cause for appeal.

The defendant has correctly stated the general rule as to the measure of damages where the suit is based on the breach of an executory contract. This is not such a suit. It is an action for goods sold and delivered, and is founded on the theory that title to the goods passed to the defendant when they were delivered to the public carrier at the point specified in the contract. Under the facts in this case, the plaintiff has adopted the correct theory. The contract called for delivery, f.o.b. Houston, Texas. The plaintiff delivered the carrots to a public carrier at that point. Such a delivery constituted delivery to the defendant, and title to the property then passed to him. His right to inspect and reject if the goods were not of the kind and quality ordered did not prevent title from passing, because the trial court found that they conformed to the contract, and no complaint is made of his finding. Williston on Sales (1st Ed.), § 473, p. 830; *Dow Chemical Co. v. Detroit Chemical Co.,* 208 Mich. 157 (14 A. L. R. 1200); uniform sales act (2 Comp. Laws 1929, § 9485).

After wrongfully refusing to accept the shipment, the defendant notified the plaintiff to make its own disposition of it. The plaintiff responded that it would be resold on defendant's account. The plaintiff was under no legal obligation to resell, but, having undertaken to do so, it was its duty to use its best judgment and sell at the best obtainable price. We think the evidence shows the plaintiff fulfilled its duty in this respect.

In this action the plaintiff is entitled to recover the contract price less the amount received from a resale of the carrots.

The judgment is affirmed, with costs to the plaintiff.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.