STORZ BREWING COMPANY, APPELLANT, V. HOMER M. BROWN, APPELLEE.

47 N. W. 2d 407

Filed April 12, 1951. No. 32942.

Edwin D. Crites, A. W. Crites, and Shackelford, Spittler & Emmert, for appellant.

Charles A. Fisher, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

The Storz Brewing Company, a corporation, brought this action in the district court for Dawes County against Homer M. Brown. The purpose of the action is to recover the sale price claimed due for a quantity of beer and containers sold defendant. Verdict was for the defendant and judgment was entered thereon. Plaintiff filed a motion for new trial and from the overruling thereof appealed. Defendant has not cross-appealed.

The only issue submitted to the jury was: "* * * what the intent of the parties was as to the point of delivery of and the passing of title to the goods in question."

The principal question presented by this appeal is, should this issue have been submitted to the jury?

"In testing the sufficiency of evidence to support a verdict it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced therefrom." Clouse v. St. Paul Fire & Marine Ins. Co., 152 Neb. 230, 40 N. W. 2d 820.

However, this principle has no application here as the material facts are not in dispute. The following principles are here applicable:

"In every case, before the evidence is submitted to the jury, there is a preliminary question for the court to decide, when properly raised, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed." Fairmont Creamery Co. v. Thompson, 139 Neb. 677, 298 N. W. 551.

"Where the evidence on the trial in the district court is not conflicting, and reasonable minds cannot differ as to the conclusion to be derived therefrom, it is the duty of the court, when requested, to direct a verdict in accordance with such conclusion." Nebraska Transfer Co. v. Chicago, B. & Q. R. R. Co., 90 Neb. 488, 134 N. W. 163.

See, also, Lewis v. Farmers' Grain & Milling Co., 52 Cal. App. 211, 198 P. 426; Rudy-Patrick Seed Co. v. Roseman, 234 Iowa 597, 13 N. W. 2d 347.

The appellant, located at 1819 North Sixteenth Street in Omaha, Nebraska, is engaged in the brewing business. Appellee, doing business as Brown Beverage Company and located at Chadron, Nebraska, was at all times herein material a wholesale beer distributor. On March 18, 1947, these parties entered into a contract whereby appellee became the distributor of appellant's products in a certain area which included Dawes County, Nebraska, wherein Chadron is located. This contract was in force at all times herein material. It provided in part as follows: "To sell to the Distributor, Storz Brewing Co.'s products at such prices as may be announced by the Storz Brewing Co. all f. o. b. Storz Brewing Co.'s plant, from which shipment is made. * * * Distributor agrees: * * * To pay all freight and transportation charges from Storz Brewing Co.'s place of busi-

ness or to the delivery point designated by the Distributor and all delivery expenses."

This agreement, taken as a whole, provides that prices and shipments are f. o. b. the appellant's plant. Any order by the appellee thereunder would be on that basis unless a contrary intent is shown as having been understood and agreed to by the parties at the time the order was given, accepted, and filled.

By letter dated January 12, 1949, appellee sent the following order to appellant: "Please ship as soon as Steinhaus will accept for sure delivery at Chadron, 150 cases 24/12 oz GC. 50 24/12 oz. Triumph 100 24/12 oz. cans and 30 ½ kegs please try and use aluminum to save the freight on this long haul." No other communication, either oral or written, was had by appellee with appellant in regard thereto before the order was accepted and filled.

The letter was received by appellant in Omaha on either January 13 or 14, 1949. Appellant thereupon called Victor Steinhaus, the party referred to in the letter, and requested him to pick up the order if he could make delivery thereof. Steinhaus accepted the goods ordered by appellee on January 14, 1949. At the time received Steinhaus receipted for them as being in good condition. Steinhaus, who was a licensed common carrier by truck between Omaha and Chadron, had always hauled appellant's products for the appellee.

The weather conditions were bad before, at the time of, and after the order was given by appellee, accepted and filled by appellant, and the goods received by Steinhaus. It was cold and drifting snow was constantly blocking the highways, particularly in the northwest part of the state. This was known or should have been known to all the parties. On the trip to Chadron Steinhaus' truck hauling these products became stalled on the highway because of snow. Instead of making the trip to Chadron in the usual time of 18 to 20 hours it took from five to six days. As a result of being stalled

the beer froze while in transit. This resulted in the beer becoming unusable for distribution to appellee's customers and had the effect of damaging and practically totally destroying the containers in which it was being shipped.

When the truck arrived at Chadron appellee examined the beer and, because of the condition it was then in, refused to accept it. It was subsequently returned to the appellant at Omaha and it salvaged as many of the containers as possible. The beer and containers have never been paid for.

There is nothing ambiguous or uncertain about the order appellee sent on January 12, 1949. It directed appellant to ship him the products therein described as soon as Steinhaus would accept for sure delivery at Chadron. This appellant did by calling Steinhaus and so advising him and then, when he called at appellant's place of business, by delivering to him the goods ordered.

"The letters 'f. o. b.' are an abbreviation of the words 'free on board,' and standing alone in a contract of sale they simply mean that the subject of the sale is to be loaded for shipment without expense to the buyer. See 23 R. C. L. 1337, sec. 159; Vogt v. Schienebeck, 122 Wis. 491, 100 N. W. 820; Hurst v. Altamont Mfg. Co., 73 Kan. 422, 85 Pac. 551. However, if delivery is made by carrier, unless a contrary intent appears, the place of shipment is ordinarily considered the place of delivery. 55 C. J. 333. See Neimeyer Lumber Co. v. Burlington & M. R. R. Co., 54 Neb. 321, 74 N. W. 670." Olsen v. McMaken & Pentzien, 139 Neb. 506, 297 N. W. 830.

"* * * the universal holding of the courts is that where the contract between the vendor and vendee is silent upon the subject of the place of delivery, the delivery of the property by the vendor to a carrier, for transportation to the vendee, of itself then and there divests the vendor's title to the property, and the vendee's title to such property, from the moment of such delivery to the carrier, attaches. (21 Am. & Eng. Ency. Law 528-

530; Benjamin, Sales [2d ed.] secs. 181, 682; 2 Chitty, Contracts [11th Am. ed.] 1201; Smith v. Gillett, 50 Ill. 290; Krulder v. Ellison, 47 N. Y. 36, and cases there cited; McKee v. Bainter, 52 Neb. 604; Congdon v. Kendall, 53 Neb. 282). In such case the carrier is, in contemplation of law, the bailee of the person to whom and not by whom the goods are sent." Neimeyer Lumber Co. v. Burlington & M. R. R. Co., 54 Neb. 321, 74 N. W. 670, 40 L. R. A. 534.

See, also, Fruit Dispatch Co. v. Gilinsky, 84 Neb. 821, 122 N. W. 45; Dentzel v. Island Park Assn., 229 Pa. 403, 78 A. 935, 33 L. R. A. N. S. 54; Hobart v. Littlefield, 13 R. I. 341; Standard Casing Co. v. California Casing Co., 233 N. Y. 413, 135 N. E. 834.

This is in effect the same principle as provided by subdivision (1) of section 69-446, Uniform Sales Act, R. R. S. 1943, except for Rule 5 of section 69-419, of the same act.

Subdivision (1) of section 69-446, R. R. S. 1943, provides: "Where, in pursuance of a contract to sell or a sale, the seller is authorized or required to send the goods to the buyer, delivery of the goods to the carrier, whether named by the buyer or not, for the purpose of transmission to the buyer, is deemed to be a delivery of the goods to the buyer, except in the cases provided for in Rule 5, section 69-419, or unless a contrary intent appears."

Rule 5 of section 69-419, R. R. S. 1943, provides: "If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon."

None of the conditions to which Rule 5 is applicable are here existent. It has no application here.

"After Delivery. Where the goods are lost or destroyed after they have been delivered to the buyer

with the intention of passing the title, the loss must fall upon the buyer, * * *. So, where delivery to a carrier is delivery to the buyer, and passes title to him at the place of shipment, the risk of loss or injury after such delivery is on the buyer." 55 C. J., Sales, § 610, p. 599. See Braufman v. Bender, 58 N. D. 165, 225 N. W. 69.

From an examination of the record we find nothing upon which a jury could base its verdict that the parties, by what was done, intended any departure from the general rule that delivery to the carrier was to be considered as delivery to the buyer with the resulting effect that the title to the products passed to appellee immediately therewith. This being true it was prejudicial error to submit such issue to the jury.

Having come to the conclusion that the case must be reversed there are two other points that should be clarified. Appellee refers to his right of inspection and rejection of the goods if not in conformity with the contract.

Subsection (1) of section 69-447, R. R. S. 1943, provides: "Where goods are delivered to the buyer, which he has not previously examined, he is not deemed to have accepted them unless and until he has had a reasonable opportunity of examining them for the purpose of ascertaining whether they are in conformity with the contract."

This is not a case involving any issue of fact in regard to the right of inspection to determine if the goods delivered to Steinhaus were in conformity with the contract for the record shows they were in good condition when delivered to the carrier but damaged while in transit. The applicable principle is stated in Mette & Kanne Dis. Co. v. Lowrey, 39 Mont. 124, 101 P. 966: "The carrier is the bailee of the purchaser for the purpose of accepting delivery, but not to determine that the goods are in quality and description such as the purchaser ordered. The latter has the right of inspection after de-

livery to him by the carrier, and may take a reasonable time for that purpose. (Benjamin on Sales, 7th ed., 734; Black v. Delbridge etc. Co., 90 Mich. 56, 51 N. W. 269; Schiller v. Blyth & Fargo Co., 15 Wyo. 304, 88 Pac. 648, 8 L. R. A., n. s., 1167; Pope v. Allis, 115 U. S. 363, 6 Sup. Ct. 69, 29 L. Ed. 393.) He is bound to accept only when the seller has tendered the thing contracted for. The right of inspection, however, does not change the rule that delivery will be held to have been made to the purchaser at the time of shipment and at his risk during transit." See, also, Olsen v. McMaken & Pentzien, *supra;* Globe Oil Co. v. Powell, 56 Neb. 463, 76 N. W. 1081; Dow Chemical Co. v. Detroit Chemical Works, 208 Mich. 157, 175 N. W. 269, 14 A. L. R. 1200; Standard Casing Co. v. California Casing Co., *supra;* Fruit Dispatch Co. v. Gilinsky, *supra;* Nelson Bros. Coal Co. v. Perryman-Burns Coal Co., 48 F. 2d 99; Gulf Vegetable & Fruit Co. v. Lane, 258 Mich. 634, 242 N. W. 792; Skinner v. Griffiths & Sons, 80 Wash. 291, 141 P. 693; Delaware, L. & W. R. R. Co. v. United States, 231 U. S. 363, 58 L. Ed. 269, 34 S. Ct. 65; Mobile Fruit & Trading Co. v. McGuire, 81 Minn. 232, 83 N. W. 833.

Paragraph 3 (e) of the parties' agreement provides: "To pay the Storz Brewing Co. in cash or by accepting and paying sight draft attached to order bill of lading, the full price at the time of purchase from Storz Brewing Co. including price of product and containers. In the event sight drafts are not honored by Distributor upon presentation for payment or should the Distributor be otherwise indebted to the Storz Brewing Co., said Storz Brewing Co. shall thereupon have the right, at its option, to withhold making further shipments and delivery to Distributor until such a time as all indebtedness to the Storz Brewing Co. shall have been fully paid."

What effect this provision of the agreement may have is not here material as it was never enforced by appellant. The products sold were sold on open account

and only a copy of the invoice was sent appellee. But even if it had been enforced it would make no difference here. See, Rosenberg Bros. & Co. v. Buffum Co., Inc., 234 N. Y. 338, 137 N. E. 609; Pennsylvania R. R. Co. v. Bank of the United States, 214 App. Div. 410, 212 N. Y. S. 437; Hobart v. Littlefield, *supra*; Gulf, W. T. & P. Ry. Co. v. Browne, 27 Tex. Civ. App. 437, 66 S. W. 341; Wicks & Co. v. Racine Confectioners' Machinery Co. (Tex. Civ. App.), 250 S. W. 236; Lipshitz v. Earl Fruit Co. (Tex. Civ. App.), 265 S. W. 1048.

Other questions raised are either not properly here or, in view of our holding, not necessary to decide. In view of the foregoing we find appellant's motion for new trial should have been sustained. We therefore reverse the judgment of the district court and remand the cause for new trial.

REVERSED AND REMANDED.