JOYCE WHOLESALE COMPANY, APPELLANT, V. NORTHSIDE
LUMBER & MANUFACTURERS, INC., A CORPORATION,
APPELLEE.

71 N. W. 2d 186

Filed July 1, 1955.   No. 33691.

*Spear & Lamme,* for appellant.

*Sidner, Lee, Gunderson & Svoboda,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL,
WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action at law by Joyce Wholesale Company,
a corporation, plaintiff and appellant, against Northside
Lumber & Manufacturers, Inc., a corporation, defendant
and appellee, to recover what the plaintiff claims is the
balance due on a quantity of lumber claimed to have been
sold and delivered to the defendant.

For cause of action the plaintiff pleaded that the de-
fendant ordered lumber described as follows:  "100
Pc. 4' x 8' x ¼″ A-3 Birch Plywood, 200 Pc. 4' x 6″ x ¼″
A-3 Birch Plywood, 100 Pc. 4' x 8' x ⅝″ CD Fir Ply-
wood," which lumber and 12 additional sheets of 4' x
6'6″ x ¼″ A-3 Birch plywood was delivered to the de-
fendant all of which was of the reasonable value of
$2,691.76; and that of this amount $1,000 was paid leav-

ing a balance due and owing in the amount of $1,691.76. The action is to recover this balance. Obviously the description of the 200 pieces should be 4′ x 6′6″ x ¼″. This becomes apparent by reference to the exhibits in evidence. By answer the defendant admitted that it ordered the lumber described by plaintiff as having been ordered but denied that it had ever received all of it. It pleaded that it received only 100 pieces of 4′ x 8′ x ⅝″ plywood and 200 pieces of 4′ x 6′6″ x ¼″ Birch plywood, the price and value of which was $1,647.20 on account of which they paid $1,000. They admitted liability for an additional charge of $28.90 making a total of $676.10 still due and owing by the defendant to plaintiff. By the answer the defendant offered to confess judgment for $647.20 and costs, but obviously from the pleading the intention was to confess judgment for $676.10.

The parties are in accord that if the defendant had received full delivery under the order and had also received the lumber which plaintiff says it did receive in addition thereto, it would be obligated to also pay therefor. In this light this situation requires no further comment herein.

After the issues were joined a jury was waived and the case was tried to the court at the conclusion of which the court accepted the theory of the defendant and rendered judgment in favor of plaintiff pursuant to the offer of the defendant to confess in the amount of $676.10. The costs which accrued after the date of the offer to confess judgment were taxed to the plaintiff. Following the rendition of judgment the plaintiff filed a motion for new trial which has been treated by the parties as having been overruled although the transcript does not contain the order. From the judgment and the order overruling the motion for new trial the plaintiff has appealed.

The brief of plaintiff contains seven assignments of error as grounds for reversal. They will not be referred to by number. As a whole they present the question of

the sufficiency of the evidence to sustain the judgment; the legal effect of the transportation of the lumber particularly after its arrival at Fremont; the matter of delivery of 44 sheets of lumber for which no payment was made; and a claimed error in arithmetical computation.

As pointed out this is an action at law and it was tried without a jury. A controlling principle therefore in the determination upon the questions of fact is that the findings will not be disturbed unless they are clearly wrong. Flaherty v. Carskadon, 155 Neb. 853, 53 N. W. 2d 756.

The evidence discloses that on or about July 25, 1953, the defendant ordered from the plaintiff the three classifications of lumber described in the petition. The order was filled by the Georgia-Pacific Plywood Company of Olympia, Washington. It together with another order was loaded in a Union Pacific freight car in Olympia, Washington. One was designated on a chart or plan which was placed in the car as lot one and the other as lot two. There was a mingling of the lots but the mingled portions bore the proper lot designations. There was nothing on the chart to show to whom the separate lots were being shipped. The car was consigned to plaintiff at Omaha with permission for stoppage at Fremont, Nebraska, for the purpose of unloading the lumber which had been ordered by defendant from plaintiff. When the car arrived at Fremont the representatives of the defendant, with permission, broke the seal on the car and proceeded to unload the lumber. A witness for defendant testified in substance that they found the chart showing the manner of loading and caused to be unloaded 100 pieces of 4' x 8' x ⅝" plywood and 200 pieces of 4' x 6'6" x ¼" Birch plywood. He testified further in substance that there was other lumber in the car of the kind and character ordered but that it was so placed that great difficulty would be entailed in unloading; that at the time a representative of the

plaintiff was in Fremont; that in agreement with him the car was closed and the remainder left in the car for removal to Omaha from where it would be returned by plaintiff to Fremont with transportation charges to be paid by defendant; but that it was never returned.

There is no substantial dispute as to this testimony except in one particular. The witness for plaintiff testified that there was a discussion with regard to shipment of the balance of the lumber on to Omaha and reshipment back to Fremont but in effect his testimony was that he consented to the movement but assumed no responsibility in relation thereto on behalf of the plaintiff.

In the light of the rule already hereinbefore set forth the court had the right to accept the version of defendant's evidence in this connection as it did.

Apparently the plaintiff claims that if it is not entitled to recover on the cause of action as pleaded it is entitled to recover for the lumber unloaded and lumber in the car which it claimed went to Omaha and which later came back to the defendant for which it did not pay. It sought to prove that 44 sheets did go to Omaha which were returned to defendant.

There is evidence that the defendant did receive 44 sheets of lumber which may have been originally a part of the lumber contained in the original order. There is evidence as to the source from which it came but there is none that it was actually a part of the shipment. It did not come to defendant from plaintiff and there is no evidence that the defendant did not pay for it at the source from which it was received. The most that may be said as to this from an evidentiary viewpoint is that the defendant received from Commodore Mobile Homes 44 sheets of lumber of a kind which had been ordered by defendant from plaintiff.

This evidence was insufficient to sustain a right of recovery by plaintiff against the defendant.

The plaintiff asserts that when the shipment arrived

at Fremont and the car was opened for delivery as it was, title to the lumber passed to the defendant and the defendant assumed the risk of loss thereafter and that in consequence plaintiff is entitled to payment for all lumber ordered.

It is the general rule that where the seller of goods sends them by railroad to a purchaser, title passes to the purchaser on arrival at the designated point of delivery to the purchaser. § 69-419, rule 5, R. R. S. 1943; § 69-422, R. R. S. 1943; Storz Brewing Co. v. Brown, 154 Neb. 204, 47 N. W. 2d 407; 77 C. J. S., Sales, § 143, p. 857.

This rule has an exception as is apparent from the authorities cited. The exception is that the general rule does not apply if a contrary intent appears.

Without doubt there was an attempted delivery at Fremont which was in part effective. As to the rest of the shipment the evidence of the defendant, which was capable of belief and believed by the court, was to the effect that there was an agreement for later delivery at Fremont with the defendant paying the shipping charges back from Omaha, which delivery was never made. The exception therefore is applicable here rather than the general rule.

Of course delivery by plaintiff was an essential obligation of the plaintiff in this instance. No one questions this. The applicable general rule is that no sale can be completed without delivery. 77 C. J. S., Sales, § 131, p. 840; Dant & Russell v. Grays Harbor Exportation Co., 26 F. Supp. 784, affirmed 106 F. 2d 911, 125 A. L. R. 1302.

In view of the fact that no delivery was made of the lumber taken under agreement to Omaha there is no basis for judgment for the value thereof in favor of plaintiff and against the defendant.

The plaintiff contends that there was an error favorable to the defendant in the computation of the value of some of the lumber which was received at Fremont

in the amount of $93.50. The contention appears to be valid.

The judgment of the district court for the amount awarded is affirmed. The cause is remanded to the district court with directions to render judgment additionally for $93.50.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.