**FORD et al. v. GLAZE.**

No. 2823.

Court of Civil Appeals of Texas. El Paso.

May 4, 1933.

Rehearing Denied May 25, 1933.

E. A. Landman, of Athens, for appellants.

White & Yarborough, of Dallas, and Justice & Justice, of Athens, for appellee.

WALTHALL, Justice.

S. J. Glaze brought this suit in the district court of Henderson county against B. B. Ford and others, jointly and severally, for the sum of $750, which he alleges was the balance due him from money collected by defendants from members of the Northeast Texas Mutual Insurance Association, under an assessment made upon the members of said association on the death of Florence Glaze, wife of appellee. Each of the appellants were officers and directors of said association, and as such they levied and collected an assessment, as prescribed by the rules and regulations of said association, upon its membership, upon the death of appellee's wife, and from the money collected paid to plaintiff only the sum of $150.

Without stating here the steps taken, appellee alleged that he took all of the steps necessary to be taken to have such assessment upon the membership made and the amounts collected. It is admitted that the assessment was made and the amount from the membership was collected by defendants.

Appellee alleged, in substance, that one of appellants presented to him a receipt for $150, and represented to him that said amount was the amount collected, and that he was entitled only to said sum; that he relied upon said statement and signed said receipt for said sum, and received said sum and no more; that said statement was untrue; that the appellants, in fact, had collected a larger amount, stating same, and had converted to their own use, or misapplied, the balance of the amount collected and for which he sues.

Appellants answered by special exception to the effect that the petition disclosed that appellants were officers of said association, and that as a matter of law appellants could not be individually liable. They further answered that the payment of the $150 was a compromise settlement. Appellants further answered that the full amount received on the assessment of the membership was $569, and that the balance of $369 not paid to appellee, was used in settlement of other death claims.

The case was submitted to the court without a jury. The court considered and overruled appellant's exception, heard the evidence, and entered judgment for appellee and against each of appellees, jointly and severally, for $369.

The court heard and overruled appellant's amended motion for a new trial, and appellants (defendants below) prosecute this appeal.

## Opinion.

Under their assignments of error appellants submit five propositions. The first proposition is to the effect that the payment of the $150 was a compromise settlement and release of claim and a bar to any recovery.

The court made no findings of fact.

Appellants admit the assessment and collection by them of the sum of $569 on the death of appellee's wife, and, in effect, admit that appellee was entitled to receive the full amount collected, but that he actually was paid $150 on a compromise settlement. We think the evidence does not show a compromise settlement. Conflicting claims to the money collected were essential elements of a compromise settlement, one of its essential elements being the existence of a bona fide dispute or controversy between the parties, both parties acting in good faith, without concealment, misrepresentation, or fraud. Camoron v. Thurmond, 56 Tex. 22; Davenport v. Shepherd (Tex. Civ. App.) 197 S. W. 729; Texas Jurisprudence, vol. 9, p. 340; C. J. vol. 12, par. 6 et seq. Here, to be a compromise settlement barring any subsequent right of action on the original claim, there should be an express condition in the tender of the $150 that it be accepted, if at all, in full settlement of the amount due. The evidence justifies the conclusion that there was no controversy between the parties, that Glaze did not know that any sum of money above $150 had been collected, but was led to believe, and did believe, in signing the receipt, that said amount was the full amount collected.

The evidence shows that appellee's wife, Mrs. Florence Glaze, held a policy of insurance under the association at the time of her death, and at the time of her death she was in good standing. One of the provisions of the policy reads:

"Death Benefits $1000.00."

"3rd: That I agree to the stipulation herein that this certificate shall bind this Association to pay to the order of S. J. Glaze (husband) or my heirs, the sum of One Dollar ($1.00) received from each member in good standing at the time of my death, the said amount not to exceed One Thousand Dollars ($1000.00) should I die in good standing in this association."

Appellants, officers of said association, assessed and collected on Mrs. Glaze's certificate the sum of $569. When that money was collected, it became and was a trust fund in their hands for the beneficiary named in the certificate, and, under the law and the terms of the death benefit clause of the certificate above, no part of the money collected could properly be paid except to the beneficiary.

The latter part of article 4875a—11, Vernon's Ann. Civ. St., provides that the funds of one group or class of the mortuary assessment shall not be used to pay claims of any other class.

The evidence shows that the assessments collected by appellants in excess of the $150 had been disposed of by appellants other than in payment to the appellee.

Conceding, as suggested by appellants, that the $369 collected was paid into the mortuary fund of the association, and used for the purpose of paying other death claims, it would be useless to say that such payment was improperly made. Certainly the money, when collected, belonged to appellee, and it is no defense in this suit to say that it had been used to pay other claims for which appellee was not liable.

The case is affirmed.